THE STATE OF OHIO, APPELLEE, *v.* STEVENS; ALLEGHENY INSURANCE
COMPANY, SURETY, ET AL., APPELLANTS.

[Cite as State *v.* Stevens (1987), 30 Ohio St. 3d 25.]

(No. 86-685—Decided April 8, 1987.)

*John T. Corrigan,* prosecuting attorney, and *Timothy J. Kollin,* for appellee.

*Anthony A. Gedos,* for appellants.

*Per Curiam.* The appellant-surety contends that Crim. R. 46(J) requires prior actual notice to the surety of a bond continuation, and that a trial court cannot act unilaterally without affording the surety actual notice. The surety submits that fundamental notions of due process of law and fairness accord a right of actual prior notice to the surety of such a continuation by the trial court. In support of its argument, the surety relies on *Ohio Furniture Co.* v. *Mindala* (1986), 22 Ohio St. 3d 99, 22 OBR 133, 488 N.E. 2d 881; and *Peebles* v. *Clement* (1980), 63 Ohio St. 2d 314, 17 O.O. 3d 203, 408 N.E. 2d 689. The surety contends further that the trial court's action adds new burdens to the contract the surety had with defendant, and therefore amounts to an unconstitutional retroactive and/or *ex post facto* law under *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199, 73 O.O. 2d 502, 339 N.E. 2d 814.

In response, the appellee state contends that the notice requirements of Crim. R. 46(J) are satisfied when the defendant's bond is continued in open court and is evidenced by the court's journal entry. The state also argues that the continuation of the bond did not impose new duties or responsibilities upon the surety, and that the surety knew or should have known of the provision in Crim. R. 46 governing the continuation of bonds.

Crim. R. 46(J) provides:

"Unless application is made by the surety for discharge, the same bond shall continue as a matter of right until the return of a verdict or judgment by a jury or by the court on the issue of guilt or innocence. *In the discretion of the trial court, and upon notice to the surety, the same bond may also continue after final disposition in the trial court and pending sentence or pending disposition of the case on review.* Any provision of a bond or similar instrument which is contrary to this rule is void." (Emphasis added.)

Given the language employed in this Criminal Rule, we are persuaded that the court of appeals was correct in finding that proper notice was given the surety under the strictures of this rule. The notice given by the trial court, albeit constructive, was nevertheless proper when one takes into consideration the peculiar obligation that a surety undertakes when it enters into a surety contract.

As stated many years ago by the United States Supreme Court in *Taylor* v. *Taintor* (1872), 83 U.S. (16 Wall.) 366, at 371-372:

"When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge * * *. * * * In 6 Modern [231, *Anonymous*], it is said: 'The bail have their principal on a string, and may pull the string whenever they please, and render him in their discharge' * * *."

See, also, *State* v. *Hughes* (1986), 27 Ohio St. 3d 19, 27 OBR 437, 501 N.E. 2d 622; and *State* v. *Ohayon* (1983), 12 Ohio App. 3d 162, 12 OBR 486, 467 N.E. 2d 908.

The foregoing precedents make it abundantly clear that a surety is charged with the knowledge of when its defendant is to appear in court on the date set for trial. The surety, by posting bail bond, guarantees that it will produce the defendant in court when called. *State, ex rel. Howell,* v. *Schiele* (1949), 85 Ohio App. 356, 40 O.O. 234, 88 N.E. 2d 215, affirmed (1950), 153 Ohio St. 235, 41 O.O. 249, 91 N.E. 2d 5. See *Hughes, supra.* With respect to the instant cause, the date the defendant pled guilty was the date set for his trial. Had the surety performed its duty of following the progress of defendant's case as well as his whereabouts, it would have had actual notice in open court that the defendant had pled guilty and that the bond was continued. Since the surety did not attend the proceeding where the court continued the bond, the surety had constructive notice of the continuation by way of the court's journal entry. In our view, the surety was afforded sufficient due process by the trial court in a manner provided by Crim. R. 46(J).

We further find that the cases relied on by the surety, *Mindala, supra,* and *Peebles, supra,* are not controlling here. *Mindala, supra,* interpreted Civ. R. 41(B)(1), which provides for dismissal of an action "after notice" to the plaintiff's counsel. The rule in issue in *Mindala* called for prior notice on a dismissal, whereas the instant Criminal Rule refers simply to "notice," and does not involve the finality of a dismissal. *Peebles, supra,* is also inapplicable to the instant case because the constitutional infirmity found there concerned the lack of judicial supervision of the statutory prejudgment attachment procedure. The holding there did not hinge on the type of notice required.

In the cause *sub judice,* the surety does not assert any of the statutory defenses constituting "good cause" which could exonerate it from its obligation under the bond, as provided in R.C. 2937.36 and 2937.40. See *Hughes, supra.* We are not persuaded by the arguments raised by the sure-

ty, since we believe that such arguments do nothing more than make a veiled attempt to excuse the surety for its own inattentiveness. The fact remains that the defendant was released to the surety as a continuance of the original imprisonment. As part of its agency relationship with the defendant, the surety was obligated to remain informed of the status of the defendant's case. Here, the trial court made a journal entry setting forth the order that the same bond would continue as to the defendant. If the surety had been doing its job in following the progress of defendant's case, it would have been fully aware of defendant's plea and the fact that the same bond was continued.

While our research reveals a paucity of decisional law addressing the precise issue before us today, we find that at least one other court has arrived at a similar conclusion under a somewhat similar set of facts. See *Lee* v. *State* (Ind. App. 1977), 368 N.E. 2d 1172.

With respect to the surety's other constitutional argument, we believe it is also lacking in merit. Based upon our holding above, the surety knew or should have known that the bond could be continued by the court pursuant to Crim. R. 46(J). As such, we find that this does not add any new duties or obligations on a surety when a court decides to act in a manner that is in accordance with law. Thus, the surety's reliance on *Lakengren, supra,* is clearly misplaced.

Acccordingly, for the reasons herein stated, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, COOK, SHANNON, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting for LOCHER, J.

SHANNON, J., of the First Appellate District, sitting for HOLMES, J.