636 A.2d 484

**FRED W. FRANK BAIL BONDSMAN, INC., etc.**

v.

**STATE of Maryland.**

**Nos. 620, 622, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Jan. 28, 1994.

Ira C. Cooke (Kathryn T. May, Levin & Gann, P.A., Towson, James L. Otway and Otway & Anthenelli, Salisbury, on the brief), for appellants.

Lucy A. Cardwell, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before BISHOP, WENNER and CATHELL, JJ.

WENNER, Judge.

This is an appeal from the forfeiture of two bail bonds to appellee, the State of Maryland. Appellant, Fred W. Frank Bail Bondsman, Inc., on behalf of Allegheny Mutual Casualty Company and All American Bail Bonds, has appealed from an order of the Circuit Court for Wicomico County denying its Petition to Strike Forfeiture, Set Aside Judgment, and Release Bond. On appeal, we are asked:

> Whether the Circuit Court erred in denying the Petitions to Strike Forfeiture, Set Aside the Judgments Against the Bail Bondsman and the Surety, and Release the Bonds because it was impossible for the surety to fulfill its contractual obligation to produce the defendants.

Finding no error, we shall affirm the judgment of the circuit court.

## BACKGROUND

On April 9, 1991, Francois Fils Caze and Marie Christine Caze (the defendants) were arrested and charged with a number of drug offenses. The defendants were released pending trial, after posting a corporate bond of $100,000 each.

Two weeks prior to August 1, 1991, the date scheduled for trial, the appellant learned that the defendants had fled to Haiti. They did not appear for trial, and the circuit court ordered the bonds forfeited. Md.Code (1957, 1992 Repl.Vol.) Art. 27 § 616½(b)(4) and Maryland Rule 4–217(i)(1).

Following the order of forfeiture, appellant made diligent efforts to locate the defendants. On November 1, 1991, the circuit court granted appellant's request for an additional 90 days to produce the defendants. Art. 27 § 616½(e) and Rule 4–217(i)(3).

Appellant continued attempting to locate the defendants, traveling to Haiti on two occasions. Although they were found in Haiti, the defendants refused to return voluntarily to the United States. Appellant sought to have them extradited but was unsuccessful because the United States and Haiti had

no diplomatic relations following the ouster of Haiti's President.

When the 90 day extension expired, appellant had still failed to produce the defendants and the circuit court entered judgment in favor of the State. As we have mentioned, the circuit court subsequently denied appellant's Petition to Strike Forfeiture, Set Aside Judgment, and Release Bond, and this appeal followed.

## STANDARD OF REVIEW

█ In reviewing the judgment of the circuit court, we must determine whether it acted arbitrarily or unreasonably in refusing to grant appellant's Petition. *Allegheny Mutual v. State*, 234 Md. 278, 286, 199 A.2d 201 (1964); *Hill v. State*, 86 Md.App. 30, 35, 585 A.2d 252 (1991).

## STATUTES GOVERNING BAIL BONDS

Article 27 § 616½ and Maryland Rule 4–217 govern bail bonds and set forth the procedure following a defendant's failure to appear as required. Under such circumstances, Rule 4–217(i)(1) requires forfeiture of the bond. *See also* Art. 27 § 616½(b)(4). If the defendant appears within 90 days (or within 180 days if the surety has received an extension from the court), the court may strike the forfeiture "[i]f the defendant or surety can show reasonable grounds for the defendant's failure to appear." Rule 4–217(i)(2); Art. 27 § 616½(e). *See Allegheny Mutual Ins. Co. v. State*, 50 Md.App. 169, 173, 436 A.2d 515 (1981). If the defendant is not produced within 90 or 180 days, the court may enter judgment in favor of the State. Rule 4–217(i)(4)(A). If, however, .the defendant is produced after 90 or 180 days, the court "shall strike the judgment against the surety entered as a result of the forfeiture." Rule 4–217(i)(5).

## DISCUSSION

Analogizing its situation to the concept of "impossibility" as an excuse for non-performance in contract law, appellant

contends that the lack of diplomatic relations between the United States and Haiti makes it impossible for him to produce the defendants. Each bond required

> that the Defendant personally appear, as required, in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which the action may be transferred, removed, or, if from the District Court, appealed.

> IF, however, the Defendant fails to perform the forgoing condition, this Bond shall be forfeited forthwith for payment of the above penalty sum in accordance with the law.

> IT IS AGREED AND UNDERSTOOD that this Bond shall continue in full force and effect until discharged pursuant to Rule 4–217.

We reject appellant's contention that the circuit court should have stricken forfeiture of the bonds because it was impossible to produce the defendants. The purpose of a bail bond system is to insure that the party accused is present at trial. *Allegheny Mutual Casualty Co. v. State, supra,* 234 Md. at 282–283, 199 A.2d 201. In *Irwin v. State,* 17 Md.App. 518, 524, 302 A.2d 688 (1973), we said:

> The purpose of the bond or security is to secure a trial, its object being to combine the administration of justice with the convenience of a person accused, but not proved, to be guilty. If the accused does not appear the bail may be forfeited, not as a punishment to the surety or to enrich the Treasury of the State, but as an incentive to have the accused return or be returned to the jurisdiction of the court.

We acknowledge appellant's efforts to return the defendants to the United States for trial, but point out that if the circuit court had stricken forfeiture of the bonds it would not only have undermined the system, but as appellee points out, appellant would have no incentive to continue to seek extradition of the defendants upon restoration of diplomatic relations between the United States and Haiti.

■ .We note that in the typical contract case, the promisor may not rely on the defense of "impossibility" as an excuse for non-performance if the promisor assumed the risk. *Acme Moving & Storage v. Bower*, 269 Md. 478, 483, 306 A.2d 545 (1973). In the case at hand, the bonds securing the defendants' appearance were conditioned upon their appearance for trial. Consequently, appellant assumed the risk that the defendants would not appear.

■ We emphasize that there are but three ways in which the surety's obligation may be discharged: act of God, act of the obligee, act of law. *Tyler v. Capital Indemnity Ins. Co.*, 206 Md. 129, 138, 110 A.2d 528 (1955), citing *Tyler v. Taintor*, 83 U.S. (16 Wall.) 366, 21 L.Ed. 287 (1872). None of these applies. The defendants voluntarily fled the country. Appellant insured against that flight, and must now suffer the consequence.[1]

We believe that *State v. Ohayon*, 12 Ohio App.3d 162, 12 OBR 486, 467 N.E.2d 908 (1983) is quite persuasive. The facts in *Ohayon* are virtually identical to the facts in the case *sub judice*. While free on bail, Ohayon fled to Israel and refused to return voluntarily. For policy reasons, the United States did not press Israel for Ohayon's extradition. In rejecting the Surety's Motion to Discharge, the Ohio Court said:

> The escape of a defendant is the business risk of a bail surety. It is precisely the situation which a surety guarantees against. Appellant insured the risk by securing property of the defendant. The fact that appellant is now unable to deliver the defendant or fully collect on his collateral will not shift the risk to the obligee. We hold, therefore, that it is an insufficient defense in a bond forfeiture proceeding that appellant is unable to produce the defendant due to

---

1. For comparison, we note that Maryland Rule 4–217(6) provides for the remission of forfeiture when the defendant is incarcerated in another state.

ꙩ

foreign policy decisions when the defendant voluntarily fled the country prior to his initial court appearance date.

*Id.* 467 N.E.2d at 911–912.

In short, the circuit court was neither arbitrary nor unreasonable in refusing to strike forfeiture of the bonds.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**