This is an appeal by Bob Roberts, the surety for Jose Rosado, from a judgment of the common pleas court which denied relief from liability on a $100,000 bond entered when Roberts failed to appear for a scheduled trial on pending drug charges. Roberts contends the court abused its discretion because he asserts he established good cause for granting the relief. For the reasons which follow, we affirm the judgment of the trial court.
The case history reveals that police arrested Jose Rosado on drug charges sometime in June, 1997, and that he had been held in jail until the grand jury indicted him on July 14, 1997 on two counts of Possession of Drugs with Major Drug Offender Specifications, one count of Illegal Processing of Drugs and one count of Possessing Criminal Tools. At arraignment, the court set a $100,000 bond which the defendant failed to post. On October 2, 1997, the court overruled a motion for bond reduction and subsequently, on October 14, 1997, Roberts, through Bankers Insurance Company, posted Rosado's $100,000 bail. Two days later, on October 16, 1997, when Rosado failed to appear for a scheduled meeting with Roberts and Roberts could not locate Rosado, he requested the court to issue a capias for Rosado on October 20, 1997. Thereafter, Rosado failed to appear for a scheduled trial on October 29, 1997. On December 10, 1997, the court ordered the bond forfeited and on December 19, 1997, Roberts filed a motion for relief from liability on the bond. The court held a hearing on the motion for relief on May 6, 1997 and on May 18, 1997 overruled that motion.
Roberts, the surety, now appeals from that decision and raises the following assignment of error for our consideration:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING SURETY-APPELLANT'S MOTION FOR RELIEF FROM LIABILITY ON BOND OF DEFENDANT BECAUSE THE COURT'S KNOWLEDGE AND CONCEALMENT OF FACTS SHOW GOOD CAUSE AS TO WHY SURETY-APPELLANT SHOULD BE RELIEVED FROM LIABILITY.
Roberts contends the court abused its discretion in denying his motion for relief from liability on the bond because he mistakenly believed Rosado to be Puerto Rican, when, in fact, Rosado is from the Dominican Republic. Roberts believes Rosado's real name is Jose Almonte. The state maintains the court did not abuse its discretion in denying the motion because Roberts failed to establish good cause to do so. The issue then before us is whether the court abused its discretion when denying Roberts' motion for relief from liability on the bond.
R.C. 2937.36 governs bond forfeiture proceedings and states in relevant part:
 Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
* * *
 (C) As to recognizances he shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against
the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk of magistrate and distributed as on forfeiture of cash bail. (Emphasis added.)
In State v. Ohayon (1983), 12 Ohio App.3d 162, our court considered an appeal from a court's denial of a motion for relief from a bond forfeiture and stated at 164:
 Three well-established, nonstatutory defenses which are available to a surety when a defendant fails to appear are set forth in the leading case of Taylor v. Taintor (1872), 83 U.S. (16 Wall.) 366, 21 L.Ed. 287. * * * The United States Supreme Court defined the defenses available to a surety on a bond forfeiture as follows:
 It is the settled law of this class of cases that the bail will be exonerated where the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Where the principal dies before the day of performance, the case is within the first category. Where the court before which the principal is bound to appear is abolished without qualification, the case is within the second. If the principle is arrested in the State where the obligation is given and sent out of the State by the governor, upon the requisition of the governor of another state, it is within the third.
The court then stated at 165:
 The escape of a defendant is the business risk of a bail surety. It is precisely the situation which a surety guarantees against. Appellant insured the risk by securing property of the defendant. The fact that appellant is now unable to deliver the defendant or fully collect on his collateral will not shift the risk to the obligee.
Finally, we recognize that R.C. 2937.40(A) catalogs the statutory defenses which may be utilized to prevail on a claim involving a showing of good cause:
 (A) Bail of any type * * * shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:
 (1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:
(a) By delivery of the accused into open court;
 (b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.
 (2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;
 (3) By payment into court, after default, of the sum fixed in the recognizance or the sum fixed in the order of forfeiture, if it is less.
* * *
In this case, Roberts' claim of good cause for failing to produce Rosado consists of the state's failure to advise him of Rosado's true identity and true nationality. The transcript of the hearing, however, reveals that Roberts conducted a limited inquiry into Rosado's background before he posted the bond. Roberts admitted at the hearing that he relied on the statements of Rosado's counsel and three of his relatives from New York who told him that Rosado was from Puerto Rico. He further testified he never spoke with any of the police officers investigating the case, and did not consult any court documents in making his decision to issue the bond. Only after Rosado failed to appear in his office for a meeting, did Roberts begin to investigate his background. The lack of diligence in conducting a complete investigation prior to posting bond is not one of the statutory defenses available to exonerate a surety. See R.C. 2937.40(A). As the court stated in State v. Stevens (1987), 30 Ohio St.3d 25:
 In the cause sub judice, the surety does not assert any of the statutory defenses constituting "good cause" which could exonerate it from its obligation under the bond, as provided in R.C. 2937.36 and 2937.40. See Hughes, supra. We are not persuaded by the arguments raised by the surety, since we believe that such arguments do nothing more than make a veiled attempt to excuse the surety for its own inattentiveness.
Accordingly, because the surety here failed to establish good cause for relief from liability on the bond, the trial court did not abuse its discretion in denying that motion. We therefore have concluded this assignment of error is without merit and hereby overrule it and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J.,
 DIANE KARPINKSI, J., CONCUR
JUDGE TERRENCE O'DONNELL