DECISION AND JUDGMENT ENTRY
Appellant, Tallerico Bonding Company, [hereinafter Tallerico], appeals the denial of its motion for relief from judgment. Tallerico, by motion filed July 8, 1999, sought relief from a judgment entered June 24, 1998 by the Lawrence County Municipal Court, which ordered the forfeiture of a $10,000 appearance bond Tallerico had posted on behalf of defendant John Sexton. We affirm the judgment of the trial court.
 STATEMENT OF THE CASE
The State of Ohio charged John Sexton with passing a bad check. At his arraignment on January 30, 1998, the trial court set a $10,000 appearance bond and set the matter for preliminary hearing. Tallerico provided a $10,000 surety bond on behalf of John Sexton, and he was released from custody; however, Sexton did not appear at the preliminary hearing on February 23, 1998. The State of Ohio moved for forfeiture of the $10,000 appearance bond.
Tallerico discovered that Sexton, contrary to the conditions of his release, left Ohio. Although Tallerico eventually located Sexton in a South Carolina jail, the bonding company was unable to secure his return to Ohio prior to the bond forfeiture hearing. After that bond forfeiture hearing, the trial court, by judgment entry of June 24, 1998, ordered the forfeiture of the Tallerico bond to the State of Ohio.
Tallerico appealed that judgment. We affirmed the judgment of the trial court, finding that John Sexton voluntarily fled the jurisdiction of the Lawrence County Municipal Court, in contravention of the terms of his release from custody on this bond. See State v. Sexton (Mar. 23, 1999), Lawrence App. No. 98CA26, unreported, discretionary appeal not allowed,State v. Sexton (1999), 86 Ohio St.3d 1443, 713 N.E.2d 1052.
John Sexton was eventually returned to Lawrence County to face trial. Tallerico moved for relief from this judgment ordering forfeiture of their bond, arguing that R.C. 2937.40(1)(A) required the release of the surety upon delivery of the accused. The trial court summarily denied Tallerico's motion. Tallerico appeals that judgment, raising a single assignment of error:
 ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN OVERRULING THE BONDING COMPANY'S MOTION FOR RELIEF FROM JUDGMENT. THE TRIAL JUDGE ABUSED ITS DISCRETION BY FAILING TO RELEASE THE BONDING COMPANY FROM THE BOND AFTER THE DEFENDANT JOHN SEXTON WAS RETURNED TO COURT.
 I
Our record in the case sub judice consists of the transcript of the hearing on Tallerico's motion for relief from judgment and the judgment of the trial court. In order to obtain relief under Civ.R. 60(B), the movant must file a motion as provided for in Civ.R. 7(B). Although the movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. Kay v. Marc Glassman, Inc. (1996) 76 Ohio St.3d 18,20, 665 N.E.2d 1102, 1105, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566. Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion. Kay, supra.
We unfortunately have neither the motion nor the evidentiary materials, if any, filed in support of Tallerico's motion. It is the duty of the appellant to insure the record on appeal is complete. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. This principle is premised on the idea that an appellant's lack of diligence in securing the record should inure to an appellant's, rather than an appellee's, disadvantage. Rose Chevrolet, Inc., 36 Ohio St.3d at 19,520 N.E.2d at 566.
When considering an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. Rose Chevrolet, Inc., 36 Ohio St. 3d at 20,520 N.E.2d at 566. An abuse of discretion connotes more than an error of judgment, but rather, indicates an attitude on the part of the court that is unreasonable, unconscionable or arbitrary. Wilmington Steel Products,Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122,573 N.E.2d 622, 624.
Absent a copy of Tallerico's motion for relief from judgment, we must base our review solely upon the transcript of the hearing held in response to appellant's motion. This transcript contains little more than the unsworn statements of counsel. These unsworn allegations of operative facts are not sufficient evidence upon which to grant a motion to vacate judgment. East Ohio Gas Co. v. Walker (1978), 59 Ohio App.2d 216,394 N.E.2d 348. Therefore, upon review of the limited record before us, we are unable to find that the trial court abused its discretion in denying Tallerico's motion for relief from judgment.
 II
Nor does the record before us demonstrate that Tallerico's motion for relief from judgment met the requirements of the applicable rule. Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
To prevail on a motion brought under Civ.R. 60(B), Tallerico, as the moving party, must demonstrate that:
 The party has a meritorious defense or claim to present if relief is granted;
 The party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and
 The motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
If the movant fails to satisfy any of the three GTE requirements, the trial court should overrule the motion. Volodkevich v. Volodkevich
(1988), 35 Ohio St.3d 152, 153, 518 N.E.2d 1208, 1210; Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648, 651.
To demonstrate the first GTE factor, Tallerico must specifically allege operative facts, which would support a defense to the judgment and order forfeiting the appearance bond. See BancOhio Natl. Bank v. Schiesswohl
(1988), 51 Ohio App.3d 130, 131, 554 N.E.2d 1362, 1363-1364. It appears that Tallerico's only defense to the order of forfeiture is that John Sexton was eventually returned to Lawrence County for trial.
The purpose of bail is to insure that the defendant appears at all stages of the criminal proceedings. State v. Hughes (1986),27 Ohio St.3d 19, 20, 501 N.E.2d 622, 623, quoting Crim.R. 46(A). See also State v. American Bail Bond Agency (Sept. 10, 1998), Franklin App. No. 97APC10-1400, unreported. In the previous appeal of this order forfeiting the appearance bond, Tallerico argued that it should be excused from performance under this bond because of impossibility, since the South Carolina authorities refused to release John Sexton for trial in Ohio. We rejected that argument because one of the conditions for Sexton's release was that he remain in Ohio. See Sexton, supra.
Tallerico now argues that, because Sexton returned to Ohio for trial, the trial court should release Tallerico from its bond. Tallerico claims that R.C. 2937.40(A)(1) requires the release of sureties, upon the delivery of the accused in open court. However, the statute actually reads:
 Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:
 When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:
By delivery of the accused into open court;
* * *.
(Emphasis added.)
The second condition imposed upon Sexton prior to his release on bond was that he appear at the preliminary hearing. He failed to do so. Indeed, while released on bond, Sexton allegedly committed other crimes in West Virginia and South Carolina.
We view with some skepticism Tallerico's claim that it should be released from its bond because Sexton eventually appeared for trial, long after his initial hearing was scheduled. However, under Civ.R. 60(B), the movant's burden is only to allege a meritorious defense, not to prove that he will prevail on this defense. Rose Chevrolet, Inc., supra, citingMoore v. Emmanual Family Training Ctr. (1985), 18 Ohio St.3d 64, 67,479 N.E.2d 879, 882.
We note that, under R.C. 2937.39, the trial court may remit, or set aside, the forfeiture of an appearance bond. The trial court should consider the ultimate appearance of the defendant as grounds to remit a previous revocation of bail. However, the court may balance that eventual return of the accused against the inconvenience and delay caused the prosecution, the expense involved in obtaining his return, and the willfulness of his violation of the terms of his release. See State v.Patton (1989), 60 Ohio App.3d 99, 101, 573 N.E.2d 1201, 1204. Thus, it appears that Tallerico has satisfied the first prong of the GTE test.
However, the record before us does not demonstrate that Tallerico satisfied the second prong of the GTE test. We do not find that Tallerico sufficiently established its entitlement to relief from judgment on any of the grounds set forth under Civ.R. 60(B)(1) through (5). Indeed, the record does not reflect what grounds Tallerico claims to support its motion for relief from judgment. For that matter, Tallerico does not even cite the rule in its brief.
We cannot see how Tallerico is entitled to relief on the grounds of "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). Nor is it apparent that Tallerico is relying upon fraud as a ground for its relief from this judgment. Civ.R. 60(B)(3). Perhaps it might be argued that the return of Sexton for trial is "newly discovered evidence," not available at the time of the bond forfeiture hearing. Civ.R. 60(B)(2).
However, if Tallerico's motion is based upon Civ.R. 60(B)(1), (2), or (3), the motion must be filed not more than one year after the judgment was entered. Here, while the trial court entered the judgment forfeiting the bond on June 24, 1998, Tallerico did not file its motion for relief from this judgment (according to the transcript of the hearing on its motion), until July 8, 1999.
The Supreme Court of Ohio has held that an appeal divests the trial court of jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment. Howard v. Catholic Social Sev. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895. However, we released our judgment in the first appeal of this matter on March 23, 1999, allowing several months for Tallerico to file a motion for relief from that June 24, 1998 judgment. Hence, Tallerico's motion for relief would not have been timely filed under any of these first three clauses of the rule and, therefore, would also have failed to satisfy the third prong of theGTE test.
The "* * * it is no longer equitable * * *" clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control. Knapp v. Knapp (1986), 24 Ohio St.3d 141, 493 N.E.2d 1353, paragraph one of the syllabus. Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented with due diligence. As we noted in the previous appeal of this matter, "[t]he escape of a defendant is the business risk of a bail surety." See State v. Ohayon (1983), 12 Ohio App.3d 162, 165,467 N.E.2d 908, 911. Civ.R. 60(B)(5) is the justice catch-all clause, which requires that relief be granted for "any other reason justifying relief from judgment." First, Civ.R. 60(B)(5) applies only when a more specific provision of the rule does not apply. Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 66, 448 N.E.2d 1365, 1367. Second, the motion cannot be made under this section to avoid the operation of the one-year limitation applicable in Civ.R. 60(B)(1), (2), or (3). SeeKadish v. Rendina (1998), 128 Ohio App.3d 349, 353, 714 N.E.2d 984, 987.
We are unable to find that Tallerico has established a ground for relief under any of the five clauses of Civ.R. 60(B). Nor can we find that its motion was timely, as required for Civ.R. 60(B)(1) through (3). We must conclude that Tallerico's motion fails both the second and third prongs of the GTE test. Therefore, we find that appellant Tallerico Bonding Company has failed to establish an abuse of discretion by the trial court in the denial of its motion for relief from judgment.
Accordingly, we find that appellant's sole assignment of error is without merit. We OVERRULE the assignment of error and AFFIRM the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant its costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment Only.
Harsha, J.: Dissents with Dissenting Opinion.
 _________________________________ David T. Evans, Judge