[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the sole assignment of error upon our determination that the trial court properly entered judgment against the appellants in the amount of $100,000 on the recognizance executed by the appellants as sureties for the appearance before the court of defendant Aswad Bandele. The trial court properly "adjudged forfeit" the bail posted by the appellants, when Bandele failed to appear before the trial court on the date set for trial. See R.C. 2937.35. The appellants adduced in the proceedings below evidence demonstrating their substantial efforts to locate Bandele within the African nation of Ghana and the prosecution's disinclination to pursue his extradition. Nevertheless, Bandele's voluntary flight from the jurisdiction was the risk against which the appellants had insured and thus did not constitute "good cause" under R.C. 2937.36(C) for the appellants' failure to perform their obligation under the recognizance to secure Bandele's appearance before the court. See Taylor v. Taintor (1872), 83 U.S.(16 Wall.) 366 (holding that the common-law defense to forfeiture of impossibility due to an act of law did not exonerate sureties for an accused who was incarcerated in another state after he had voluntarily left the jurisdiction); State v. Ohayon
(1983), 12 Ohio App.3d 162, 467 N.E.2d 908 (citing Taylor to hold that the impossibility-due-to-an-act-of-law defense did not exonerate a surety for an accused who had voluntarily fled to Israel, despite evidence that Israel would not honor, and the United States would not press for enforcement of, the countries' extradition treaty). Cf. State v. Scherer
(1995), 108 Ohio App.3d 586, 671 N.E.2d 545 (holding that the impossibility-due-to-an-act-of-law defense exonerated a surety for an accused who was imprisoned in his home state, when the accused's departure from the state was by court order, and when the malfeasance that led to his incarceration was neither foreseeable nor preventable by the surety).
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.