OPINION
{¶ 1} Appellant Surety Gary Akbar, DBA Safety National Casualty Company appeals from a March 5, 2005 judgment of a forfeited recognizance.
 {¶ 2} On March 11, 2004 Defendant Jamie Cornell Hancock was indicted on one count of possession of cocaine and one count of having weapons while under disability with a gun specification. The trial court set bail at $20,000 cash, and the recognizance previously posted in Municipal Court was transferred to the Court of Common Pleas. The case was set for hearing on April 20th, but Hancock failed to appear. The trial court issued a capias for his arrest and set bail at $50,000. The court also issued an order forfeiting the recognizance and directing the defendant and surety to show cause why judgment should not be entered for the full amount of the recognizance. The show cause hearing was set for the following month. However, when Hancock returned well before the hearing, the court issued another order setting bail at $20,000, reinstating the previously posted recognizance, and dismissing the forfeiture proceedings.
 {¶ 3} On July 28, 2004 Hancock pled guilty to reduced charges on a bill of information, but he failed to appear for sentencing. As a result the trial court issued a capias for his arrest and set bail at $50,000. The court also issued an order adjudging the bail forfeited and directing the defendant and surety to show cause why judgment should not be entered for the full amount of the recognizance. The show cause hearing was set for September 28th. On October 29th the surety asked for an additional three weeks to reply. The court gave the surety until December 7th to reply to the show cause order.
 {¶ 4} The surety responded by written memorandum on December 7th arguing in part that the trial court should not have reinstated the recognizance on April 27th without at least giving the surety notice and opportunity to be heard. On January 3, 2005 the trial court entered judgment on forfeited recognizance against Hancock and the surety in the amount of $20,000. However, the court vacated its judgment having found that it did not notify the surety. The court then set a new hearing on the forfeiture. Following the hearing, the trial court again entered judgment on forfeited recognizance. The surety filed a timely notice of appeal.
 {¶ 5} Assignment of Error:
 {¶ 6} The trial court erred in unilaterally reinstating the surety bond after adjudging that bond forfeited.
 {¶ 7} In his sole assignment of error, the surety claims that there is no statutory provision for reinstatement of a forfeited recognizance bond and that even if such reinstatement was permissible, the trial court should not have reinstated the surety bond without giving the surety notice and opportunity to be heard. For the following reasons, we agree.
 {¶ 8} In response to Hancock's claims, the State does not address the merits of his arguments, but instead merely argues that the surety failed to timely raise this issue in the trial court. However, a review of the record demonstrates that this issue was raised in the trial court and was therefore preserved for appeal. While ideally the surety should have immediately objected to the reinstatement when the court ordered it, we do not find that an objection made a few months later when the defendant failed to appear a second time was unreasonable.
 {¶ 9} The purpose of bail `is to ensure that the defendant appears at all stages of the criminal proceedings.' State v.Hughes (1986), 27 Ohio St.3d 19, 20, 501 N.E.2d 622, quoting Crim.R. 46(A). Furthermore, the purpose of bail is not punitive.State v. Christensen (April 26, 1999), Greene App. No. 98 CA 53, citing Dudley v. United States (1957), 242 F.2d 656. When a defendant has posted bail and fails to appear as ordered, that bail may be forfeited under R.C. § 2937.36 and Crim.R. 46. However, upon the appearance, surrender, or arrest of the defendant, the trial court may remit all or part of the forfeited bond. R.C. § 2937.39.
 {¶ 10} While there are statutory procedures for forfeiture of a bond under R.C. § 2937.36 and for remission on the forfeiture under R.C. § 2937.39, there is no statutory provision for reinstatement of a surety bond after it has been ordered forfeited. Instead, once a bond is forfeited, should the trial court determine that any part of that bond should be remitted, there is a statutory procedure for remission.
 {¶ 11} The statutory procedure provides for the trial court to address any remission of the forfeited bond. Because the bond has been forfeited, once the defendant is in custody, the trial court must provide for a new bond.
 {¶ 12} Accordingly, the judgment of the trial court is Reversed. This matter is remanded for a hearing on the first order of forfeiture, including any remission that might be appropriate. If, based on the current posture of this case, a new bond is required, the trial court may revisit that issue as well.
Brogan, J. and Fain, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).