DECISION AND JUDGMENT ENTRY
{¶ 1} Third-party appellant, Wittenberg Associates, appeals the judgment of the Lucas County Court of Common Pleas, which ordered forfeited a $20,000 surety bond *Page 2 
which it had posted on behalf of defendant, Telly Jermaine Hopings. For the following reasons, we affirm.
 {¶ 2} Wittenberg Associates posted the surety bond after Hopings was indicted for possession of and trafficking in cocaine. Subsequently, Hopings entered a plea of no contest to possession of crack cocaine, a violation of R.C. 2925.11(A), (C)(4)(c), and a felony of the third degree. He was sentenced on April 3, 2006, to a term of one year incarceration and was ordered to pay a fine of $5,000. Execution of the sentence was stayed until May 3, 2006. The sentencing judgment entry states: "Bond continued pending stay."
 {¶ 3} On May 3, 2006, Hopings failed to appear. A capias issued but no return was made on the warrant. On May 8, 2006, Wittenberg Associates was notified of Hopings' failure to appear and was ordered to show cause why the bond should not be forfeited pursuant to R.C. 2937.36. On December 1, 2006, finding that Hopings remained "at large" and that Wittenberg could not show cause, the court ordered the bond forfeited.
 {¶ 4} Appellant raises one assignment of error for review:
 {¶ 5} "The trial court lacked the statutory authority to continue the surety bond after a plea had been entered and sentence had been imposed."
 {¶ 6} Both parties frame the assignment of error as presenting an issue of law, involving the interpretation and application of Crim.R. 46(H). Wittenberg argues that the *Page 3 
plain language of Crim.R. 46(H) precludes the continuance of bond after sentencing, and that post-sentence continuations are void. The rule states:
 {¶ 7} "(H) Continuation of bonds. Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. In the discretion of the court, the same bond may also continue pending sentence or disposition of the case on review. Any provision of a bond or similar instrument that is contrary to this rule is void." Crim.R. 46(H).
 {¶ 8} The plain language of the rule clearly vests the trial court with discretion to continue a bond after sentencing or until "disposition of the case on review." Appellant does not argue that the trial court abused its discretion in ordering the bond to continue, only that it automatically becomes void after sentencing. Nowhere, however, does the rule state that a bond becomes inoperative after sentencing. A bond may continue pending a decision by the appellate court of a defendant's appeal. By implication, therefore, a bond may continue after sentence and pending a stay of execution of sentence.
 {¶ 9} Sureties are given constructive notice of a continuation of bond after a guilty plea or conviction by way of the court's judgment entry, and are obligated to remain informed of the status of its principle's case. State v. Stevens, Allegheny Ins. Co., Surety (1987),30 Ohio St.3d 25, 27. As appellee notes in its brief, if a surety perceives that continuation of bond after imposition of sentence is too risky, it may apply for a *Page 4 
discharge of the bond pursuant to Crim.R. 46 and R.C. 2937.40. If we were to hold that the trial court abused its discretion in ordering the bond to continue due to the stay of execution of sentence, then the trial court, not the surety, would bear the burden of the risk that the criminal defendant may abscond. This is contrary to the purpose of a surety. See State v. Stevens, supra at 27. The assigned error is not well-taken.
 {¶ 10} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., Concur. *Page 1