**CITY OF TOLEDO, Appellee,**

v.

**GASTON; You Walk Bail Bond Agency, Inc., Appellant.**

[Cite as *Toledo v. Gaston*, 188 Ohio App.3d 241, 2010-Ohio-3217.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1310.

Decided July 9, 2010.

David Toska, Chief Prosecuting Attorney, for appellee.

Martin E. Goff, for appellant.

---

PIETRYKOWSKI, Judge.

{¶ 1} Appellant, You Walk Bail Bond Agency, Inc. ("You Walk"), appeals a November 6, 2009 judgment of the Toledo Municipal Court, denying both

appellant's Civ.R. 60(B)(1) motion for relief from a judgment ordering forfeiture of its $5,000 surety bond and its alternative motion for remission of forfeiture. The motions concern a surety bond posted by You Walk to secure release of a criminal defendant, Shaunta Gaston, on bail.

{¶ 2} Gaston was charged with criminal damaging, a violation of Toledo Municipal Code 541.03, in a criminal complaint filed on September 11, 2006, in Toledo Municipal Court. Bench warrants for Gaston's arrest due to failure to appear in court proceedings were issued in January, March, and August 2007. Gaston was arrested on November 8, 2007, and held in custody after arrest.

{¶ 3} On November 20, 2007, You Walk posted a surety bond in the amount of $5,000 conditioned on Gaston's appearance at subsequent court proceedings. The trial court rescheduled the case for trial on January 17, 2008, and Gaston was released on bail.

{¶ 4} Gaston failed to appear for trial on January 17, 2008. The trial court issued a bench warrant for Gaston's arrest and under Crim.R. 4(C)(1)(a)(i), set bond upon arrest at $1,000 at no percent. The court also ordered the $5,000 bond posted by You Walk forfeited. The trial court set a bond-forfeiture hearing for February 6, 2008.

{¶ 5} Gaston failed to appear on February 6, 2008. The trial court ordered that the November 20, 2007 surety bond be forfeited and set a bond-forfeiture hearing for March 5, 2008. On March 5, 2008, neither Gaston nor You Walk appeared. The trial court ordered that You Walk pay the bond amount to the clerk within 30 days.

{¶ 6} On March 31, 2008, before payment of the judgment, Gaston was arrested and placed in custody through the efforts of You Walk. After arrest, Gaston was released under a federal court order ("FCO"). A condition of release on March 31, 2008, was that Gaston appear on April 1, 2008, at 1:00 p.m. in courtroom No. 4 of the Toledo Municipal Court.

{¶ 7} Gaston appeared for the hearing on April 1, 2008, in Toledo Municipal Court. The trial court withdrew the bench warrant on Gaston, ordered the case reset for trial, and ordered "bond continued." In an order filed on April 2, 2008, the trial court set a new trial date of May 22, 2008.

{¶ 8} On April 11, 2008, the trial court vacated the bond forfeiture and payment order due to the fact that Gaston was in custody. The order was journalized on April 14, 2008.

{¶ 9} On May 22, 2008, Gaston again failed to appear for trial. The trial court ordered that the surety bond posted on November 20, 2007, be forfeited and set a bond-forfeiture hearing for June 11, 2008. The trial court also issued a bench

warrant for Gaston's arrest and set bond, upon arrest, of $10,000 at no percent, pursuant to Crim.R. 4(C)(1)(a)(i).

{¶ 10} Neither Gaston nor appellant appeared at the bond-forfeiture hearing set for June 11, 2008. The trial court ordered the bond forfeited and ordered payment in the amount of the bond to the clerk within 30 days. The judgment was journalized on June 12, 2008.

{¶ 11} On August 4, 2008, You Walk filed a motion to set aside the bond forfeiture. The trial court denied the motion. On December 8, 2008, You Walk paid the amount of the bond, $5,000, into court.

{¶ 12} You Walk filed its motion for relief from the forfeiture judgment and alternatively for remission on February 10, 2009. In a judgment filed on November 6, 2009, the trial court denied the motions.

{¶ 13} You Walk asserts two assignments of error on appeal:

{¶ 14} "1. The trial court abused its discretion when it entered an order forfeiting the Surety's $5,000.00 bond at the June 11, 2008 forfeiture hearing even though the court record showed that the Surety's bond was not operative as the Defendant was out of custody on another bond at the time of the failure to appear.

{¶ 15} "2. The trial court abused its discretion when it denied Appellant's Motion for Relief from Bond Forfeiture Judgment and Appellant's alternative Motion for Remission."

{¶ 16} Under assignment of error No. 1, You Walk asserts that the trial court abused its discretion in ordering forfeiture of its bond at the June 11, 2008 forfeiture hearing. The trial court ordered forfeiture due to the failure of Gaston to appear for trial on May 22, 2008. You Walk argues first that its bond was "not operative" on May 22, 2008, as it was replaced by another bond, an FCO bond. Second, it contends that the trial court was without authority to reinstate its bond after the court had ordered the bond forfeited.

### Claim that Surety Bond Was Not Operative

{¶ 17} We address first the claim that the bond was "not operative" and that the trial court acted without authority to reinstate it.

{¶ 18} Crim.R. 46(H) provides: "Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea." If a surety considers continuation of a bond "too risky," it may apply for a discharge of the bond under Crim.R. 46 and R.C. 2937.40. *State v. Hopings*, 6th Dist. No. L–07–1061, 2008-Ohio-375, 2008 WL

303141, ¶ 9. You Walk made no application to the trial court for discharge of its bond under Crim.R. 46(H) and R.C. 2937.40.

{¶ 19} You Walk claims that its bond was discharged once the trial court entered a forfeiture judgment requiring payment on the bond pursuant to R.C. 2937.36. You Walk argues that a trial court is without authority to reinstate a bond once it has been discharged by forfeiture.

{¶ 20} The state argues that You Walk's bond was in effect when the defendant failed to appear for trial on May 22, 2008. It argues that the bond was never amended, vacated, withdrawn, or changed, as You Walk did not request to be discharged from its obligations under the bond and the case had not proceeded to guilty plea or verdict before May 22, 2008.

{¶ 21} You Walk requests the court to adopt the reasoning of the Second District Court of Appeals in *State v. Hancock,* 2d Dist. No. 21000, 2006-Ohio-1594, 2006 WL 827386. In *Hancock,* the trial court declared forfeiture of a bond when a defendant failed to appear for a court hearing. It declared forfeiture and ordered that the defendant and the surety appear at a hearing to show cause why judgment should not be entered against them for the amount of the bond. Before the date of the forfeiture hearing, the defendant reappeared in court. The trial court dismissed forfeiture proceedings, set bail, and reinstated the original bond. Id. at ¶ 2.

{¶ 22} Subsequently, Hancock pleaded guilty to reduced charges in the case. He failed to appear for sentencing. The trial court again declared bail forfeited. After a forfeiture hearing, it entered judgment against the surety in the amount of the recognizance. Id. at ¶ 6. The surety appealed and asserted that "the trial court erred in unilaterally reinstating the surety bond after adjudging that bond forfeited." Id. at ¶ 6.

{¶ 23} The Second District Court of Appeals held that "[w]hile there are statutory procedures for forfeiture of a bond under R.C. § 2937.36 and for remission on the forfeiture under R.C. § 2937.39, there is no statutory provision for reinstatement of a surety bond after it has been ordered forfeited." *State v. Hancock,* 2006-Ohio-1594, at ¶ 10. The Second District concluded, "[B]ecause the bond has been forfeited, once the defendant is in custody, the trial court must provide for a new bond." Id. at ¶ 11.

{¶ 24} Appellant's argument presumes that a surety bond posted as bail is discharged and released once a trial court declares forfeiture of the bond. Under R.C. 2937.40(A)(3), however, the determinative event for discharge and release of bail and sureties is payment of the sum set in the forfeiture judgment, not the date forfeiture is declared:

{¶ 25} "R.C. 2937.40. Release of bail and sureties.

{¶ 26} "(A) Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:

{¶ 27} "(1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:

{¶ 28} "(a) By delivery of the accused into open court;

{¶ 29} "(b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.

{¶ 30} "(2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;

{¶ 31} "(3) *By payment into court, after default, of the sum fixed in the recognizance or the sum fixed in the order of forfeiture, if it is less.*" (Emphasis added.)

{¶ 32} As R.C. 2937.40(A)(3) identifies payment of the sums ordered in the order of forfeiture as the event triggering release and discharge of obligations of a surety under a bail bond, we decline to follow the Second District's decision in *Hancock* using the time the court declares forfeiture as the triggering event. Applying R.C. 2937.40(A)(3) to the circumstances presented in this case, we conclude that the March 5, 2008 order requiring payment of the bond to the clerk within 30 days did not result in a discharge of the bond because the order was vacated before payment was made. Accordingly, we conclude that You Walk's bond remained in effect at the time appellant failed to appear for trial on May 22, 2008.

### Claim that Appellant's Bond Was Replaced by Another Bond

{¶ 33} You Walk also claims under assignment of error No. 1 that its bond was no longer in effect when Gaston failed to appear for trial on May 22, 2008, because it was replaced by another bond on March 31, 2008, an FCO bond. You Walk argues that an FCO bond replaced its bond and that reference in the record to an order on April 1, 2008, to "bond continued," after the court withdrew the bench warrant and ordered that the assignment commissioner set a new trial date, referred to the FCO bond, not to You Walk's surety bond.

{¶ 34} Included in the record in this appeal is a document signed by "Defendant" and by a deputy clerk of the Toledo Municipal Court in the case of City of

Toledo/State of Ohio vs. Shaunta Gaston, Booking # 0699298, and Case Number CRB–06–18565. The document sets forth a "release agreement pursuant to Criminal Rule 46."

{¶ 35} The document begins, "Be it remembered, that on Monday, March 31, 2008 the above defendant and/or the surety listed below personally appeared before me and agreed to abide by the following release agreement pursuant to Criminal Rule 46. * * *" The document has a space for "Posted Amount," but no amount was listed. Spaces to list bailor information, surety bond company name, and power [of attorney] number were also left blank. The document includes a reference: "Charge: FCO Criminal Damaging/Endangering."

{¶ 36} The document also sets forth "conditions of release" requiring the defendant "to personally be and appear before the Toledo Municipal Court on Court date given 4/1/2008 1:00 pm TMC# 4."

{¶ 37} The Toledo Municipal Court Record of Court Proceedings in this case includes an entry dated April 1, 2008, of "FCO CONTINUED TO CTRM # 4 @ 1:00 PM." An entry dated April 1, 2008, provides: "Bench Warrant Withdrawn. Public Defender Re-appointed. To Assignment Commissioner to Reset Trial Date. Bond Continued." The April 1, 2008 entry was signed by Magistrate David E. Smith.

{¶ 38} You Walk contends that the reference in the record that on April 1, 2008, the trial court continued bond does not refer to its bond of November 20, 2007, but, instead, refers to the issuance of another bond, an FCO bond, by another surety. It argues that this second bond replaced its bond.

{¶ 39} The state argues in response that "FCO" refers to a federal court order and not to the issuance of any additional surety bond in this case. We agree. The abbreviation "FCO" has been used by the Toledo Municipal Court for years to refer to a federal court order providing for federal court supervision of jail conditions and operations at the Lucas County Corrections Center.[1] Restrictions against overcrowding under the federal court order could result in release of a defendant facing nonviolent charges upon arrest despite the terms of the bench warrant.

{¶ 40} The record in this case demonstrates that Gaston was released from custody on March 31, 2008, upon her agreement to appear at Toledo Municipal Court on the following day in courtroom No. 4 at 1:00 p.m. No bond of any kind was posted as a condition of her release. We also agree with the state that as there was no other surety bond posted in the case against Gaston, that the April

---

1. See *Jones v. Wittenberg* (Dec. 18, 1980), N.D.Ohio No. C70–388.

1, 2008 court order providing "bond continued" necessarily referred to You Walk's bond.

{¶ 41} We find that appellant's assignment of error No. 1 is not well taken.

{¶ 42} Under assignment of error No. 2, You Walk claims that the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion for relief from judgment and an alternative R.C. 2937.39 motion for remission of forfeiture. We deal with the motion for relief from judgment first.

{¶ 43} The judgment ordering forfeiture was journalized on June 12, 2008. You Walk filed its Civ.R. 60(B)(1) motion for relief from judgment on February 10, 2009. Civ.R. 60(B)(1) provides:

{¶ 44} "Rule 60. Relief from judgment or order

{¶ 45} " * * *

{¶ 46} "(B) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

{¶ 47} The Supreme Court of Ohio outlined in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–151, 1 O.O.3d 86, 351 N.E.2d 113, the elements that must be shown to prevail on a motion for relief from judgment under Civ.R. 60(B):

{¶ 48} "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. Civ.R. 60(B); *Universal Film Exchanges v. Lust* (C.A.4, 1973), 479 F.2d 573; *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97[, 68 O.O.2d 251], 316 N.E.2d 469; *Brenner v. Shore* (1973), 34 Ohio App.2d 209[, 63 O.O.2d 373], 297 N.E.2d 550."

{¶ 49} When the movant fails to demonstrate any of the three requirements under the *GTE* test, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. Here, You Walk has limited its argument for relief from judgment to the argument that its bond was no longer operative on May 22, 2008, and that on May 22, 2008, Gaston was out of custody under an FCO bond issued by another surety. We have determined those arguments to be without merit. Accordingly, we also conclude that the trial court acted within its discretion and committed no error in overruling

appellant's motion for relief from judgment, as appellant failed to present the existence of a meritorious defense to forfeiture.

{¶ 50} You Walk argues, alternatively, that the trial court erred in failing to grant its motion for remission of forfeiture pursuant to R.C. 2937.39. The statute provides:

{¶ 51} "R.C. 2937.39. Remission of penalty.

{¶ 52} "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, *on the appearance, surrender, or re-arrest of the accused on the charge, may remit* all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission." (Emphasis added.)

{¶ 53} You Walk has not claimed that Gaston has subsequently appeared, surrendered, or was rearrested after she failed to appear for trial on May 22, 2008, and failed to appear at the forfeiture hearing of June 11, 2008. R.C. 2937.39 provides for postappearance remission of forfeiture. Accordingly, we find that the trial court acted within its discretion in denying appellant's motion for remission under R.C. 2937.39.

{¶ 54} We find that appellant's assignment of error No. 2 is not well taken.

{¶ 55} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed.

{¶ 56} We find that our holding today is in conflict with the decision of the Second District Court of Appeals in the case of *State v. Hancock*, 2d Dist. No. 21000, 2006-Ohio-1594, 2006 WL 827386. Accordingly, pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution, we certify the record in this case for review and final determination to the Supreme Court of Ohio on the following issue:

{¶ 57} Whether, pursuant to R.C. 2937.40(A)(3), a trial court may vacate an R.C. 2937.36(C) judgment of forfeiture of a surety bond posted as bail under Crim.R. 46 at any time prior to payment of the forfeiture judgment and continue obligations of the surety under the bond pursuant to Crim.R. 46(H) with respect to the future appearance of the defendant.

{¶ 58} Appellant is ordered to pay costs pursuant to App.R. 24.

Osowik, P.J., and Handwork, J., concur.