[Cite as *State v. Lee*, 2012-Ohio-4329.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

AMANDA JO LEE

    Appellant

C.A. No.      11CA010083

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    02CR060783

DECISION AND JOURNAL ENTRY

Dated: September 24, 2012

---

CARR, Judge.

{¶1}     Appellant, ABC Bail Bonds, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}     On March 5, 2002, a complaint was filed in the Lorain Municipal Court charging Amanda Jo Lee with obstruction of justice. Her $1000 bail was posted as a surety through appellant, ABC Bail Bonds ("ABC"). The case was subsequently bound over for grand jury consideration and, on September 11, 2002, Lee was indicted on one count of obstruction of justice, a felony of the fifth degree. Having not been served through summons, Lee's arraignment was continued until September 19, 2002, and defense counsel was appointed. After another continuance, Lee again failed to appear for arraignment on October 7, 2002. While the trial court issued an order authorizing Lee's arrest, it did not address revocation or forfeiture of her bond. On March 24, 2003, Lee was arrested on the warrant and then arraigned on March 31,

2003. The trial court's arraignment journal entry indicated that Lee's original bond was "reinstated."

{¶3} After pretrial proceedings and discovery, further pretrial proceedings were scheduled for June 30, 2003. On that date, Lee failed to appear and the trial court issued a warrant for Lee's arrest. The record contains a letter addressed to ABC, dated July 2, 2003, whereby the clerk of court gave notice that Lee failed to appear and the trial judge had ordered the bond revoked and forfeited. Subsequently, on July 21, 2003, Lee appeared in court with counsel and entered a plea of guilty to obstruction of justice. The warrant was withdrawn and the bond was reinstated. Sentencing was scheduled for October 2003.

{¶4} Lee again failed to appear for sentencing and the trial court ordered the bond revoked and forfeited. The record contains a letter from the clerk of court to ABC dated October 28, 2003, stating that Lee had failed to appear for sentencing and the bond was revoked and forfeited. The letter further stated that unless the Court heard from ABC within 21 days of the date of the notice, judgment would be entered against ABC. ABC did not respond to the notice.

{¶5} On August 11, 2011, the trial court sent notice to ABC that a show cause hearing was set for August 31, 2011, to allow the surety to demonstrate why the forfeited $1000 bond should not be collected. This occurred after the Lorain County Prosecutor's Office located Lee in North Carolina and secured her extradition. ABC filed a motion to vacate the bond forfeiture and release of surety, and the State subsequently responded in opposition. At the completion of the forfeiture hearing, the trial court ordered ABC to pay the bond amount to the clerk of courts.

{¶6} ABC appeals and raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO PAY THE $1,000 TO THE CLERK OF COURTS AS THE APPELLANT'S STATUTORY – R.C. 2937.36 – AND STATE AND FEDERAL CONSTITUTIONAL PROCEDURAL DUE PROCESS RIGHTS WERE VIOLATED WHEN THE LORAIN COUNTY COURT OF COMMON PLEAS FAILED TO PROVIDE APPELLANT WITH AN OPPORTUNITY TO BE HEARD ON A DATE CERTAIN BETWEEN 20 AND 30 DAYS AFTER NOTICE OF BOND FORFEITURE.

{¶7} In its first assignment of error, ABC argues that the trial court erred by not providing it an opportunity to be heard on a date certain between 20 and 30 days after the notice of bond forfeiture. This Court disagrees.

{¶8} In support of its assignment of error, ABC argues that the trial court violated its state and federal due process rights by failing to comply with R.C. 2937.36. Specifically, ABC argues that the trial court failed to comply with R.C. 2937.36(C) by setting a date certain for a hearing twenty to thirty days after the notice of bond forfeiture. ABC concludes that it would have had a better opportunity to either produce the accused, Lee, or otherwise show cause as to why judgment should not be rendered against it if the hearing had been held in a timely fashion.

{¶9} This Court reviews a trial court's bond forfeiture decision using an abuse of discretion standard of review. *Akron v. Stutz*, 9th Dist. No. 19925 (Nov. 1, 2000). "An abuse of discretion is more than an error of law or judgment; it implies a decision is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The purpose of bail is to ensure that the accused appears at all stages of the criminal proceedings. *State v. Hughes*, 27 Ohio St.3d 19, 20 (1986). If the accused should fail to appear in court when ordered, "the trial court can then take two separate actions regarding bail: (1) order the bail forfeited, in whole or in part, or (2) continue the case to a later date and give notice of the date to

the accused and the bail depositor or sureties and adjudge the bail forfeited upon the accused's failure to appear at the later date. R.C. 2937.35." *Dept. of Liquor Control v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735, ¶ 12 (6th Dist.). In cases such as this where the bail was forfeited, the court must take additional action as outlined in R.C. 2937.36[1], which states,

> Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
>
> (A) As to each bail, he shall proceed forthwith to deal with the sum deposited as if the same were imposed as a fine for the offense charged and distribute and account for the same accordingly provided that prior to so doing, he may satisfy accrued costs in the case out of the fund.
>
> * * *
>
> (C) As to recognizances he shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

{¶10} "Pursuant to R.C. 2937.36(C), production of the body of the defendant on the date or dates specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant." *State v. Holmes*, 57 Ohio St.3d 11 (1991), syllabus. This Court has held that R.C. 2937.36(C) requires

---

[1] This Court recognizes that the version of R.C. 2937.36 in effect at the time the trial court issued its September 2, 2011 forfeiture order was only in effect until September 30, 2011. R.C. 2937.36, as amended by Section 1, Am.Sub.H.B. No. 86, provides, "[T]he magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail * * *." R.C. 2937.36(C), as amended, further provides that the show-cause date "shall be not less than forty-five nor more than sixty days from the date of mailing notice."

the trial court to provide both adequate notice to show cause and a hearing before judgment forfeiting the bond can be entered against the surety. *State v. Green*, 9th Dist. Nos. 02CA0014, 02CA0019, 2002-Ohio-5769, ¶ 17.

{¶11} Here, after Lee failed to appear for sentencing on October 28, 2003, the trial court issued a journal entry ordering the bond revoked and forfeited and issued a warrant for Lee's arrest. Also on October 28, 2003, a letter was sent to ABC indicating that the bond had been revoked and forfeited. The letter further stated, "This letter will serve as notice to you that unless the court hears from you within 21 days from the date on this notice, why bond should not be forfeited, such judgment shall be taken against you." ABC failed to respond to the notice and the record indicates that no further action was taken in this case until August 11, 2011, when the trial court issued a journal entry scheduling a hearing for August 31, 2011, where ABC would be provided with an opportunity to "show cause why forfeited $1,000.00 bond should not be collected." ABC promptly filed a motion to vacate the bond forfeiture on the basis that (1) the previously forfeited bond had been reinstated without giving ABC an opportunity to object; and (2) the trial court had failed to provide a show cause hearing within 30 days of giving notice of the bond forfeiture. The State responded in opposition.

{¶12} ABC and the State were represented at the August 31, 2011 hearing. While the parties offered competing legal arguments in support of their respective positions, neither party presented evidence. The assistant prosecutor stated on the record that he had been able to locate Lee in North Carolina by utilizing law enforcement databases that had recently been made available to the prosecutor's office. The assistant prosecutor further stated that he had "searched personally for [Lee] for the past year[.]" After the hearing, the trial court issued a journal entry

on September 2, 2011, denying the motion to vacate and finding that ABC was responsible for payment of the $1000 forfeited bond.

{¶13} We conclude that the trial court did not abuse its discretion ordering forfeiture of the bond after the August 2011 hearing. R.C. 2937.36(C) provides that the trial court shall require the accused and surety "to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance." We note that R.C. 2937.36(C) does not address the hearing requirement and only requires the surety to show cause on a date certain within the twenty to thirty day window. While this Court has held that the trial court must hold a hearing before it ultimately enters judgment against the surety, it may do so at any point prior to the time its enters judgment and does not have to do so within the statutory window set forth in R.C. 2937.36(C). *See Green* at ¶ 17. Here, a timely forfeiture notice was issued on October 28, 2003. Though ABC argues that it would have had a better chance of producing Lee had a hearing been held within 30 days of the original notice, the record indicates that ABC failed to respond to that notice in any form. Moreover, the record is devoid of evidence that ABC took any measures to locate Lee as she remained a fugitive in the following years. At the August 2011 hearing, ABC did not present evidence as to why it had been unable to produce Lee. The assistant prosecutor stated on the record that Lee was located solely through the efforts of the Lorain County Prosecutor's Office. While this Court held in *Green* that the trial court abused its discretion by providing only five days' notice to produce the accused in court, delaying the hearing, and thereby providing additional time for the surety to locate the accused, would not similarly prejudice the surety. *Green* at ¶ 16. It follows that the trial court did not abuse its discretion in this case.

**{¶14}** The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY $1,000 TO THE CLERK OF COURTS WHERE THE TRIAL COURT UNILATERALLY REINSTATED THE BOND AFTER THE ACCUSED HAD FAILED TO APPEAR WITHOUT GIVING APPELLANT AN OPPORTUNITY TO OBJECT TO THE REINSTATEMENT OF THE BOND.

**{¶15}** In its second assignment of error, ABC argues that the trial court erred by unilaterally reinstating the bond after Lee had failed to appear without giving ABC an opportunity to object. This Court disagrees.

**{¶16}** In support of its second assignment of error, ABC argues that it should have been provided with an opportunity to object prior to the reinstatement of the bond due to changing circumstances. ABC contends that this Court should adopt the reasoning set forth in *State v. Hancock*, 2d Dist. No. 21000, 2006-Ohio-1594, ¶ 11, where the Second District held that when "the bond has been forfeited, once the defendant is in custody, the trial court must provide for a new bond." The Second District based its decision on the notion that "[w]hile there are statutory procedures for forfeiture of a bond under R.C. 2937.36 and for remission on the forfeiture under R.C. 2937.39, there is no statutory provision for reinstatement of a surety bond after it has been ordered forfeited." *Id*. at ¶ 10. ABC also points to *State v. Kondush*, 8th Dist. No. 95526, 2011-Ohio-1963, where the Eighth District concluded that the trial court abused its discretion by denying a motion for relief from liability on a bond because the defendant, who was not a United States citizen, was a greater flight risk after having been found guilty by a jury of a first-degree felony.

**{¶17}** Crim.R. 46(H) states, "Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall

continue until the return of a verdict or the acceptance of a guilty plea. In the discretion of the court, the same bond may also continue pending sentence or disposition of the case on review." If circumstances cause a surety to believe that continuation of a bond is "too risky," it may apply for a discharge of the bond under Crim.R. 46 and R.C. 2937.40. *State v. Hopings*, 6th Dist. No. L-07-1061, 2008-Ohio-375, ¶ 9.

{¶18} R.C. 2937.40, which governs release of bail and sureties, states:

(A) Bail of any type that is deposited under sections 2937.22 to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:

(1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:

(a) By delivery of the accused into open court;

(b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.

(2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;

(3) By payment into court, after default, of the sum fixed in the recognizance or the sum in the order of forfeiture, if it is less.

{¶19} ABC argues that the trial court failed to allow it to object to the reinstatement of the bond on two separate occasions. The first occasion related to when Lee failed to appear for arraignment on October 7, 2002. While the trial court issued an order authorizing Lee's arrest, it did not address revocation or forfeiture of her bond. When Lee was subsequently arrested in March 2003, and arraigned on the obstruction charge, the trial court indicated that her bond was "reinstated" despite never giving any clear indication whether it had been forfeited. The second

occasion stems from Lee's failure to appear at a pretrial in June 2003. The trial court issued a journal entry indicating the bond was revoked and forfeited. Several weeks later, after Lee appeared in the trial court with counsel and entered a plea of guilty, the trial court issued a journal entry indicating that the bond was reinstated.

{¶20} We are persuaded by the reasoning advanced by the Sixth District in *Toledo v. Gaston*, 188 Ohio App.3d 241, 2010-Ohio-3217, ¶ 24, where the Court recognized that "[u]nder R.C. 2937.40(A)(3),[] the determinative event for discharge and release of bail and sureties is payment of the sum set in the forfeiture judgment, not the date forfeiture is declared." The Supreme Court of Ohio has stated that, "The fact remains that the defendant [was] released to the surety as a continuance of the original imprisonment. As part of its agency relationship with the defendant, the surety was obligated to remain informed of the status of the defendant's case." *State v. Stevens*, 30 Ohio St.3d 25, 28 (1987). In addition to giving rise to numerous practical concerns, requiring the trial court to essentially provide for a new bond once a defendant is retaken into custody ignores the standard established in R.C. 2937.40(A)(3), which identifies payment of the sums ordered in the order of forfeiture as the event triggering release and discharge of the obligations of a surety under a bail bond. In this case, ABC was not released of its obligations as a surety pursuant to R.C. 2937.40(A)(3) when the trial court initiated the bond forfeiture process after Lee failed to appear. By "reinstating" the bond after Lee subsequently appeared in court, the trial court was merely recognizing the existence of an existing agency relationship. While ABC argues that Lee's failure to appear resulted in a change in circumstances, ABC did not apply to the trial court for discharge of its bond pursuant to Crim.R. 46(H) and R.C. 2937.40. Thus, the bond remained in effect at the time Lee failed to appear for

sentencing on October 28, 2003, and ABC maintained its agency relationship with Lee. It follows that the second assignment of error is overruled.

III.

**{¶21}** ABC's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

S. MICHAEL LEAR, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellee.