PLEMATIS, PETITIONER, *v.* BERKEMER, SUPT. OF COLUMBUS
WORKHOUSE, RESPONDENT.

(No. 71-361—Decided November 2, 1971.)

*Mr. Thomas J. Simon,* for petitioner.
*Mr. James J. Hughes,* city attorney, and *Mr. J. Larry Lacksen,* for respondent.

HOLMES, J. This matter comes before this court by way of a petition seeking a writ of *habeas corpus* as filed by James Plematis against Harry J. Berkemer, Superintendent of the Columbus Workhouse.

The petitioner, James Plematis, after being duly represented by counsel, was found guilty by the Municipal Court of Franklin County of violating Columbus City Code Section 2343.02 relative to the printing, selling or exhibition of obscene books, pictures, motion pictures, etc.

The petitioner sets forth as his basis for the granting of this writ that the trial court lacked jurisdiction to find him guilty of violating such section of the Columbus City Code, in that the affidavit charging him with such crime did not specifically set forth that the defendant had knowledge that the material in question was "obscene," and therefore the affidavit was void and invalid.

Respondent argues that the issue of the invalidity of an affidavit by which one is charged and later convicted of

a crime may not be raised within a *habeas corpus* proceeding. In support of such position, respondent cites R. C. 2941.29, which states as follows:

"No indictment or information shall be quashed, set aside, or dismissed, or motion to quash be sustained, or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits"

Respondent says that such law is applicable to misdemeanors pursuant to R. C. 2941.35.

Petitioner, on the other hand, cites the case of *State* v. *Cimpritz* (1953), 158 Ohio St. 490, in which the following is to be found in the sixth paragraph of the syllabus:

"6. A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding."

But the respondent calls the court's attention to two *habeas corpus* cases, that of *Stacy* v. *Van Coren* (1969), 18 Ohio St. 2d 188, and *Midling* v. *Perrini* (1968), 14 Ohio St. 2d 106, the syllabus of the latter case reading as follows:

"Where a defendant, while represented by counsel, pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense. *Evans* v. *Sacks,* 173 Ohio St. 116; *Mills* v. *Maxwell,* 174 Ohio St. 523; *Perry* v. *Maxwell,* 175 Ohio St. 369, approved and followed. Paragraph six of the syllabus of *State* v. *Cimpritz,* 158 Ohio St. 490, explained and distinguished."

The court, in explaining and distinguishing *Cimpritz,* stated, at page 107 of the opinion, the following:

"* * * However, the *Cimpritz* case involved a direct

appeal from the judgment of conviction and not a collateral attack on such a judgment. Hence, it would have been sufficient to use the word 'voidable' instead of 'void' in that paragraph of the syllabus. Also, no question with respect to a collateral attack was involved in the case, so that any statement with respect thereto may be disregarded. This was pointed out in the opinion in *State* v. *Wozniak* (1961), 172 Ohio St. 517, 522, 178 N. E. 2d 800.''

In this matter, the petitioner was represented by counsel before and during his trial of this matter. If he had desired to attack the alleged defect of the affidavit, as he is now doing by way of *habeas corpus* proceeding, such matter should have been presented to the trial court by way of a motion to quash prior to the trial of this matter.

In this regard, the respondent quite appropriately points to the case of *State* v. *Childs* (1968), 14 Ohio St. 2d 56, wherein the third paragraph of the syllabus is as follows:

"3. It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph one of the syllabus of *State* v. *Glaros,* 170 Ohio St. 471, approved and followed.)''

Based upon the foregoing, the petition for a writ of *habeas corpus* is hereby denied.

*Writ denied.*

Troop, P. J., and Strausbaugh, J., concur.