DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Robert Notch, appeals the trial court's decision granting Appellee's motion for leave to add a jury demand, and argues that he was prejudiced by the failure of the trial court to conduct a bench trial. We disagree.
 {¶ 2} Appellant originally filed the underlying action in 2003. In his answer to Appellant's original complaint, Appellee, Richard Evans, had included a demand for a jury trial. Appellant dismissed the action and refiled it on April 14, 2004, absent a demand for a jury trial. Appellee answered on April 30, 2004, failing to include a jury demand. Appellee realized that he had forgotten to include a jury demand at the initial pre-trial conference and thereafter filed a motion for leave to add a jury demand on September 2, 2004.
 {¶ 3} The trial court granted Appellee's motion on September 10, 2004. Appellant did not object to the court's ruling on Appellee's motion until over six months later, at trial. The judge presiding over the jury trial stated that "the Court is not going to revisit [the] earlier ruling. A jury has been ordered." After one day of trial, the jury found unanimously in favor of Appellee. Appellant now appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The Court committed prejudicial error by granting [Appellee's] motion for leave to add a jury demand before [Appellant] could file a response opposing motion which is contrary to Local Court Rule."
 {¶ 4} In Appellant's first assignment of error, he claims that the trial court erred by failing to follow Summit County Local Rule 7.14 by ruling on Appellee's motion before the 10-day time period in which Appellant had to object to such motion. Appellant did not object in any way to the trial court's ruling until the day of trial, over six months later. At that time, in front of a visiting judge, Appellant stated that:
"[Appellee] filed [his] answer on April 30th and, inadvertently, [he] left off a jury demand. [Appellee] filed and asked for a jury in September of 2004.
"Judge Hunter, without hearing, granted that on September 10, 2004.
"It is our position that the chance for a jury trial was waived under [Civ.R.] 38(D)."
 {¶ 5} While Appellant maintains that the trial court erred in failing to follow Loc.R. 7.14, he did not raise that failure in his objection. An appellate court "will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Plematis v. Berkemer
(1971), 30 Ohio App.2d 262, 264, quoting State v. Glaros,170 Ohio St. 471, paragraph one of the syllabus.
 {¶ 6} Appellant did not object to the trial court's failure to follow Loc.R. 7.14 by ruling on Appellee's motion before 10 days had passed until the instant appeal. Thus, the issue, having not been presented to the trial court, is not appropriate for consideration on review. SeeSchade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210.
 ASSIGNMENT OF ERROR II
"The trial court erred to the prejudice of appellant by not hearing the case as a trial to court, the Appellee having waived a jury pursuant to Ohio Civil Rule 38(D)."
 {¶ 7} In his second assignment of error, Appellant claims that he was prejudiced by the trial court's decision to proceed with a jury trial rather than a bench trial. We disagree.
 {¶ 8} We note first that Appellant did not object to the trial court's decision to proceed with a jury trial until the day of trial, after a jury had been ordered, and more than six months after the complained of decision was filed.
 {¶ 9} Secondly, and more importantly, while Appellant states in his second assignment of error that "the trial court erred to the prejudice of Appellant," he does not mention how or in what way he suffered prejudice. Appellant fails to even make blanket allegations as to prejudice that he may have suffered as a result of the trial court's ruling. App.R. 12(D) provides that a judgment or final order of a trial court may be reversed upon a finding that Appellant suffered prejudice as a result of the assigned error. In this case, Appellant has not argued that he was prejudiced by the trial court's alleged error, thus, under App.R. 12(D), we will not reverse the judgment of the trial court.
 {¶ 10} Appellant's first assignment of error is waived and we overrule his second assignment of error.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Moore, J., Concur