DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Eldon Glick, appeals from his conviction in the Wayne County Municipal Court. This Court affirms.
 I. {¶ 2} On January 13, 2006, Appellant was indicted on one count of obstructing official business, in violation of R.C. 2921.31, a misdemeanor of the second degree. The case proceeded to trial before a jury. On May 4, 2006, the jury found Appellant guilty. Appellant was sentenced to one day incarceration and a $500.00 fine. In addition, Appellant was placed on probation for three months. Appellant's sentence was stayed pending appeal. Appellant timely *Page 2 
appealed from his conviction, raising eight assignments of error for our review. We have combined several of Appellant's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I "DID MILLHOAN ERR BY ORDERING [APPELLANT] TO SUBMIT ALL HIS DEFENSES KNOWING [APPELLANT] HAD NOT REQUESTED DISCOVERY, AND HAD OBJECTED, BUT STILL CONTINUED TO DEMAND ALL OF [APPELLANT'S] DEFENSES TO BE SUBMITTED PRIOR TO TRIAL?"
 {¶ 3} In his first assignment of error, Appellant contends that the trial court erred in ordering him to submit all his defenses knowing he had not requested discovery.
 {¶ 4} "This court reviews the trial court's application of the law de novo." Akron v. Holland Oil Co. (2001), 146 Ohio App.3d 298, 303, citingMedina v. Talmage (July 11, 2001), 9th Dist. No. 3160-M, at *2. Pursuant to Crim.R. 16(A), "[u]pon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided."
 {¶ 5} The record reflects that on April 7, 2006, the trial court issued an order requiring both parties to appear for a status conference on April 28, 2006. In this same order, the trial court ordered both parties to bring with them statements of the issues they planned to present at trial, statements of the defenses they *Page 3 
planned to present at trial, names of witnesses they planned to present at trial, and any exhibits that they would use at trial. The parties agree that Appellant had not made a request for discovery. On April 11, 2006, Appellant objected to the trial court's order that the parties exchange discovery because he had not requested discovery pursuant to Crim.R. 16. On April 13, 2006, the State filed a request for discovery. On this same day, the trial court denied Appellant's April 11 "motion to answer with objections." Appellant filed a motion for findings of fact and a motion to dismiss on April 21, 2006. In his motion, Appellant asserted that the State could not "[attempt] to request discovery, per Crim R 16, when she KNOWS that the Defendant * * * did not make any request or motions demanding discovery?" The trial court denied Appellant's motion on April 25, 2006. On April 28, 2006, Appellant filed "Objections and Requested Pre-Trial Statements" and a "Motion to Strike." In his motion, Appellant again objected to "any information forced to be given to the prosecution that would be exchanged as Discovery under Crim. Rule 16, as this information may only be requested and given after Defendant requests Discovery under Ohio law[.]" Appellant disclosed his witness and exhibit lists and set forth his version of the issues involved.
 {¶ 6} In a May 3, 2006 order, the trial court retracted its April 7, 2006 order and ordered that Appellant was not required to provide this information as discovery unless he requested discovery. We find, as the trial court later recognized, that it erred in issuing the April 7, 2006 judgment ordering the parties *Page 4 
to provide discovery because Appellant had not requested or obtained discovery. Crim.R. 16(C) governs disclosure of evidence by the defendant. Section one provides that information is only subject to disclosure "[i]f on request or motion the defendant obtains discovery under subsection" (B)(1)(c), (d) or (e). The record reflects that Appellant made no such request for discovery under (B)(1)(c), (d), or (e).
 {¶ 7} However, Appellant has not asserted that he suffered prejudice as a result of the trial court's order. Notch v. Evans, 9th Dist. No. 22629, 2005-Ohio-5500, at ¶ 9, citing App.R. 12(D). Appellant failed to even make a fleeting allegation as to any prejudice that he may have suffered as a result of the trial court's ruling. App.R. 12(D) provides that a judgment or final order of a trial court may be reversed upon a finding that Appellant suffered prejudice as a result of the assigned error. Here, Appellant has not argued that he was prejudiced by the trial court's error. Accordingly, pursuant to App.R. 12(D), we will not reverse the judgment of the trial court. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "DID MILLHOAN ERR BY TAKING AWAY [APPELLANT'S] CONSTITUTIONAL RIGHTS FOR THE JURY TO DETERMINE ALL THE FACTS, FORCING A BENCH TRIAL ON CERTAIN FACTUAL ISSUES, EVEN THOUGH [THE STATE] AND [APPELLANT] NEVER AGREED FOR MILLHOAN TO DECIDE THESE FACTS?" *Page 5 
 {¶ 8} In Appellant's second assignment of error, he contends that the trial court erred by taking away Appellant's constitutional rights for the jury to determine the facts, forcing a bench trial on certain factual issues. We disagree.
 {¶ 9} Although Appellant contends that the trial court erroneously determined certain facts, he fails to set forth which factual issues were erroneously decided by the trial court. App.R. 16 provides in pertinent part:
 "(A) Brief of the appellant. The appellant shall include in its brief * * * all of the following:
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 10} An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support.Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(6). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. "If an argument exists that can support [Appellant's contentions], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. As Appellant's argument fails to explain how the trial court erroneously determined certain facts, *Page 6 
he has failed to meet his burden on appeal. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR VI "DID MILLHOAN ERR BY DENYING THE JURY THEIR REQUEST TO BE GIVEN A COPY OF THE WRIT OF PROHIBITION AND THE WRIT OF MANDAMUS THAT EVERYONE COULD PLAINLY SEE ON THE VIDEO, SHOWING THE `MENS REA' OF [APPELLANT'S] BELIEF AND DISCUSSION WITH THE SHERIFFS, WHICH WAS CONTINUALLY BROUGHT UP DURING THE TRIAL BY BOTH PARTIES?"
 {¶ 11} In his sixth assignment of error, Appellant contends that the trial court erred by denying the jury their request to be given a copy of the writ of prohibition and the writ of mandamus.
 {¶ 12} It is a fundamental rule of evidence that error cannot be based on a ruling which "excludes evidence unless a substantial right of the party is affected, and * * * the substance of the evidence was made known to the court by offer or was apparent from the context[.]" Evid.R. 103(A)(2). Consequently, we cannot rule on the merits of Appellant's sixth assignment of error until we can first determine that Appellant has properly preserved the issues on appeal. The trial transcript reveals that Appellant never proffered these writs, and, thus, did not preserve the issue for appeal. While Appellant testified regarding the writ of prohibition and the writ of mandamus, he failed to proffer this evidence at trial. "The requirement of a `proffer of evidence' is more than just a mere technicality. It allows for the trial court to reconsider, in view of the context at trial, whether *Page 7 
such evidence should be admitted." Elliott v. Springer (Mar. 13, 1990), 4th Dist. No. 88CA12, at *2. The Ohio Supreme Court in State v.Grubb (1986), 28 Ohio St.3d 199, 202, set forth the procedure for preserving an argument regarding temporarily excluded evidence:
 "appellant could have proffered the temporarily prohibited evidence outside the presence of the jury when the issue arose during trial and, if the proffered evidence was then excluded, he could have perfected an appeal as of right from the trial court's final judgment at the conclusion of the case."
 {¶ 13} As Appellant did not proffer this evidence at trial, he failed to preserve this issue for appeal. Id. at 200; Elliott, supra, at *2. Accordingly, Appellant's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR III "DID MILLHOAN ERR TO DENY THE THREE PROPOSED JURY INSTRUCTIONS AND THE CASE LAW THAT WAS TAKEN DIRECTLY FROM THE STATUTE UNDER `OBSTRUCTING OFFICIAL BUSINESS' DEFINING: ACTS, FREE SPEECH RIGHTS, AND PRIVILEGES?"
 ASSIGNMENT OF ERROR IV "DID MILLHOAN ERR BY NOT PERMITTING THE STATE TO PROVE EACH ELEMENT OF THE CRIME, LEADING THE JURY TO BELIEVE THAT THE PREVIOUS TRIAL ORDER WAS LAWFUL, AND MAKING HER OWN RULING ON MANY FACTUAL ELEMENTS THAT WERE RESTRICTED FOR THE JURY TO CONSIDER AND DETERMINE?"
 ASSIGNMENT OF ERROR V "DID MILLHOAN ERR BY WITHHOLDING FROM THE JURY CERTAIN FACTS THAT SHOWED THE (INTENT) `MENS REA' OF [APPELLANT], BEING A `MAJOR ELEMENT' OF *Page 8 
THE OFFENSE AND A CONSTITUTIONAL RIGHT OF THE PARTIES TO HAVE THE JURY DETERMINE THESE CERTAIN FACTS?"
 ASSIGNMENT OF ERROR VII "DID MILLHOAN ERR BY NOT ALLOWING THE JURY TO DECIDE FOR THEMSELVES WHETHER OR NOT [APPELLANT] APPROPRIATELY COMMUNICATED, (WHEN THE JURY REQUESTED A COPY OF THE GREAT WRITS THAT WERE SHOWN ON THE VIDEO AND FILED IN THE COURT OF APPEALS, BUT HAD NOT BEEN ANSWERED) TELLING THEM IT WAS IMPROPER AND TOTALLY INAPPROPRIATE FOR [APPELLANT] TO PASS COMMUNICATION, KNOWING THAT [APPELLANT] (WAS CONSIDERED INCOMPETENT WITH AN ATTORNEY) COULD NOT BE HELD TO A HIGHER STANDARD OF COMPETENCY THAT A JURY OF HIS PEERS. (COMPETENT PERSONS WITHOUT AN ATTORNEY)[?]"
 ASSIGNMENT OF ERROR VIII "DID THE STATE PROVIDE LAWFUL/PROPER DOCUMENTATION TO AFFORD [APPELLANT] KNOWLEDGE AS TO WHY HE WAS BEING CHARGED AND HOW TO DEFEND HIS CASE, WHEN THE STATE'S `COMPLAINT' AND `AFFIDAVIT OF PROBABLE CAUSE' DOES NOT LIST ANY SPECIFIC ACTS SHOWING THAT [APPELLANT] COMMITTED A CRIME?"
 {¶ 14} "An appellant bears the burden of affirmatively demonstrating error on appeal." Hutchison v. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 39, quoting In re Hiltabidel, 9th Dist. No. 21009, 2002-Ohio-3627, at ¶ 58. This Court notes that Appellant has failed to cite to any legal authority that would support these issues and thus has failed to assert how the trial court's actions constituted error. In reSpence (Mar. 28, 2001), 9th Dist. No. 99CA007522, at *6 *Page 9 
(declining to address assignment of error where appellant failed to cite law applicable to issue under review). As such, Appellant has declined to provide citations to authorities supporting his third, fourth, fifth, seventh and eighth assignments of error as mandated by App.R. 16(A)(7) and Loc.R. 7(A)(6). See State ex rel. Rothal v. Smith,151 Ohio App.3d 289, 2002-Ohio-7328, at ¶ 90; Angle, supra, at *2. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." State v. Clifford, 9th Dist. No. 20871, 2002-Ohio-4531, at ¶ 15, quoting Cardone, supra, at *8. Accordingly, Appellant's third, fourth, fifth, seventh and eighth assignments of error are overruled.
 III. {¶ 15} Appellant's assignments of error are overruled, and the judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 10 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARLA MOORE FOR THE COURT
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1