[Cite as *State v. Huffman*, 2016-Ohio-8093.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No.   14AP0052 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILMA J. HUFFMAN | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.   CRB-13-11-1940 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2016

---

HENSAL, Judge.

{¶1} Wilma Huffman appeals her conviction for vehicular manslaughter in the Wayne County Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} Appellant, Wilma Huffman, was driving her 1999 Chevrolet Cavalier northbound on State Route 539 in Wayne County the sunny afternoon of July 26, 2013. At the same time, Melvin Gray was riding his 1976 Honda motorcycle eastbound on State Route 604. There is no dispute that Ms. Huffman stopped at the stop sign located at the intersection of S.R. 539 and S.R. 604. According to Ms. Huffman, she looked both ways several times before attempting to turn left onto S.R. 604, but her view was obstructed by tall bushes located to the west, or left, of the intersection. She then "eased up to where [she] could see." According to her witness statement, Mr. Gray then came "flying down [S.R. 604]" and collided with the front left side of her vehicle. Aside from Mr. Gray and Ms. Huffman, there were no eyewitnesses to the collision.

{¶3} Town and Country Fire District and the Ohio State Highway Patrol responded to the scene. EMS transported Mr. Gray, who was unconscious, to the hospital. Mr. Gray subsequently died from his injuries. As a result of the collision, Ms. Huffman was charged with one count of vehicular manslaughter under Revised Code Section 2903.06(A)(4) for failing to yield to Mr. Gray's right of way and thereby causing his death. Ms. Huffman pleaded not guilty and the case proceeded to a jury trial.

{¶4} During pretrial proceedings, the State moved the trial court to prohibit the defense from: (1) presenting lay-witness testimony of Bill Cletzer, Mike Linderman, Brad McCartney, and Kingsbury Gardner regarding their opinions as to the dangerousness of the intersection; and (2) presenting lay-witness testimony from Brad McCartney regarding his personal experience with the same make and model motorcycle involved in the collision relating to his supposition that it was a quiet cruising motorcycle.

{¶5} The trial court granted the State's motion on these issues. In doing so, the trial court held that the dangerousness of the intersection was irrelevant because all drivers are required to abide by Section 4511.43(A), the failure-to-yield statute, regardless of whether an intersection is dangerous, safe, or somewhere in between. Regarding the testimony relating to the quietness of the motorcycle, the trial court held that any testimony concerning how that type of motorcycle operates, sounds, or performs impermissibly strays into the realm of expert testimony.

{¶6} On the morning of trial, but prior to the start of trial, defense counsel proffered testimony from lay witnesses Mike Linderman, Bill Cletzer, and Brad McCartney. With respect to Mr. Linderman, defense counsel proffered that he would testify that, in his capacity as an employee of the Ohio Department of Transportation, he received complaints about the bushes

that allegedly obstructed Ms. Huffman's view. He would further testify as to his own observations regarding the bushes and the obstruction they presented. Regarding Bill Cletzer, defense counsel proffered that he would testify that he is a township trustee, that he made formal complaints to the Ohio Department of Transportation about the bushes, and that the intersection at issue is dangerous. Defense counsel also proffered that Brad McCartney, who lives near the intersection, would testify as to the obstruction the bushes presented, close calls he personally experienced at the intersection, and the overall dangerousness of the intersection. Mr. McCartney would also testify that he owns the same make and model motorcycle as Mr. Gray, and that the motorcycle is a quiet cruising bike.

{¶7} During trial, the State's accident-reconstructionist expert testified that Mr. Gray was lawfully traveling eastbound on S.R. 604, that he was an immediate hazard to Ms. Huffman, and that he had no time to react prior to colliding with her vehicle. Ms. Huffman's accident-reconstructionist expert, on the other hand, testified that, based on Ms. Huffman's statement that she did not see Mr. Gray's motorcycle when she looked left at the stop sign, Mr. Gray must have been traveling in excess of 45 m.p.h., the posted speed limit, prior to the collision. He further testified that, the faster Mr. Gray was traveling, the farther back he would have been from Ms. Huffman's line of sight when she was stopped at the stop sign.

{¶8} The jury returned a verdict of guilty, and the trial court sentenced Ms. Huffman to twelve months of probation, suspended her driver's license for two years, and ordered her to complete one hundred hours of community service. Ms. Huffman now appeals her conviction, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT HUFFMAN'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO PRESENT A DEFENSE WHEN IT EXCLUDED EVIDENCE RELATING TO THE REMOVAL OF HAZARDOUS BUSHES AND RELEVANT LAY-WITNESS OPINIONS. * * *.

{¶9} In her first assignment of error, Ms. Huffman argues that the trial court erred by prohibiting her from presenting relevant lay-witness testimony regarding the obstruction the bushes presented, the dangerousness of the intersection, and the quietness of Mr. Gray's motorcycle. Despite being mentioned in her assignment of error, Ms. Huffman has not argued on appeal that the trial court erred by excluding evidence relating to the subsequent removal of the bushes.

{¶10} We will first address the dispositive issue of whether Ms. Huffman proffered the disputed testimony at trial and, thus, properly preserved this issue for appeal. Evidence Rule 103(A)(2) provides that "[e]rror may not be predicated upon a ruling which * * * excludes evidence unless a substantial right of the party is affected, and * * * the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

{¶11} Regarding the procedure for proffering evidence at trial, the Ohio Supreme Court has stated that "when a court has sustained objections to an inquiry during the examination in chief, a statement must be made as to what the expected answer would be[.]" *State v. Hipkins*, 69 Ohio St.2d 80, 82 (1982); *but see State v. Gilmore*, 28 Ohio St.3d 190, 191-192 (1986) (modifying *Hipkins* and holding that if the substance of the excluded evidence is apparent from the context within which the questions were asked, then the lack of an explicit proffer on the

record does not preclude appellate review of the issue). As this Court has acknowledged, "'[t]he requirement of a 'proffer of evidence' is more than just a mere technicality. It allows for the trial court to reconsider, *in view of the context at trial*, whether such evidence should be admitted.'" (Emphasis added.) *State v. Glick*, 9th Dist. Wayne No. 06CA0058, 2007-Ohio-4104, ¶ 12, quoting *Elliott v. Springer*, 4th Dist. Washington No. 88CA12, 1990 WL 34092, *2 (Mar. 13, 1990).

**{¶12}** Here, Ms. Huffman did not attempt to introduce the disputed testimony during her case in chief at trial.[1] Consequently, the State never objected, and the trial court did not have an opportunity to consider the admissibility of the disputed testimony in the context of the trial. While we are mindful of the fact that the record indicates that the trial court advised defense counsel that his proffer of evidence prior to the start of trial was "a matter of record[,]" that did not preserve the issue for appellate review. *State v. Grubb*, 28 Ohio St.3d 199, 203 (1986) ("An appellate court need not review the propriety of [a motion *in limine*] unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial."). Accordingly, Ms. Huffman's first assignment of error is overruled. *Id.*

ASSIGNMENT OF ERROR II

THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE ON THE ISSUE OF CAUSATION THEREBY VIOLATING APPELLANT HUFFMAN'S RIGHTS UNDER THE OHIO CONSTITUTION, ARTICLE IV, SECTION 3(B)(3). * * *.

**{¶13}** In her second assignment of error, Ms. Huffman argues that the jury's verdict was against the manifest weight of the evidence because the State's evidence was "uncertain, * * *

---

[1] We note that Ms. Huffman concedes in her merit brief that the proffer of evidence occurred "[b]efore trial[.]"

conflicting and contradictory on the issue of causation." If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶14} Section 2903.06(A)(4), under which Ms. Huffman was charged, provides that "[n]o person, while operating * * * a motor vehicle, * * * shall cause the death of another * * * [a]s the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor[.]" R.C. 2903.06(A)(4). The underlying minor misdemeanor in this case is Section 4511.43(A), the failure-to-yield statute. Section 4511.43(A) provides, in part, that after stopping at a stop sign, drivers must yield to the right of way of any vehicle that constitutes an immediate hazard. R.C. 4511.43(A). A driver, however, can forfeit the right of way if he or she fails to proceed in a lawful manner, such as traveling at a speed that is in "extreme excess over the posted speed limit." *In re Neill*, 3d Dist. Logan Nos. 8-04-08, 8-04-09, 2005-Ohio-1696, ¶ 10, 11. The State was required to establish that Ms. Huffman failed to yield to Mr. Gray's right of way, and that her failure to do so proximately caused his death.

{¶15} As previously noted, the State's accident-reconstructionist expert testified that Mr. Gray was lawfully traveling eastbound on S.R. 604, that he was an immediate hazard to Ms. Huffman, and that he had no time to react prior to colliding with her vehicle. The State also presented testimony from a fireman and a state trooper, both of whom responded to the scene of the collision. The fireman testified that Mr. Gray sustained traumatic injuries as a result of the collision, and that his team transported Mr. Gray to the hospital. The state trooper testified, in part, regarding the witness statement he obtained from Ms. Huffman, wherein she described the events that took place.

{¶16} Ms. Huffman then presented testimony from two witnesses. First, Ms. Huffman presented testimony from Brad McCartney, who lives near the intersection at issue. Mr. McCartney testified that he heard the collision and went to the scene shortly thereafter. He further testified that Ms. Huffman told him that her view of the roadway had been obstructed by the bushes located to the west, or left, of the intersection.

{¶17} Ms. Huffman then presented expert testimony from an accident-reconstructionist. As previously noted, he testified that, based upon Ms. Huffman's statement that she did not see Mr. Gray's motorcycle when she looked left at the stop sign, Mr. Gray must have been traveling in excess of 45 m.p.h., the posted speed limit, prior to the collision.

{¶18} Having reviewed the record, we cannot say that the jury clearly lost its way when it accepted the State's version of the events, that is, that Mr. Gray was lawfully traversing the roadway, that he constituted an immediate hazard to Ms. Huffman, and that Ms. Huffman's failure to yield to his right-of-way proximately caused Mr. Gray's death. *See State v. Figueroa*, 9th Dist. Summit No. 22208, 2005-Ohio-1132, ¶ 11 (stating that "a conviction is not against the manifest weight of the evidence merely because the jury believed the State's version of the

evidence."). Ms. Huffman's conviction, therefore, is not against the manifest weight of the evidence. Accordingly, Ms. Huffman's second assignment of error is overruled.

III.

{¶19} Ms. Huffman's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURS.

CARR, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶20} With respect to the first assignment of error, I would find that Huffman adequately preserved the issue for appeal and that the trial court did not abuse its discretion in excluding the evidence. I concur with the remainder of the opinion.

<u>APPEARANCES:</u>

J. DEAN CARRO and DANIEL EISENBREI, Attorneys at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and OLIVIA A. BOYER, Assistant Prosecuting Attorney, for Appellee.