**[Cite as *State v. Wade*, 2018-Ohio-2443.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JERMONT WADE

    Defendant

    and

SLY BAIL BONDS

    Appellant

C.A. No.    17CA011081

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    16CR093186
                16CR093187

DECISION AND JOURNAL ENTRY

Dated: June 25, 2018

CALLAHAN, Judge.

**{¶1}** Appellant, Sly Bail Bonds, appeals from the December 15, 2016 judgment entry of the Lorain County Court of Common Pleas denying its motion to release surety and forfeiting the bond in two criminal cases. For the reasons set forth below, this Court affirms.

I.

**{¶2}** Defendant, Jermont Wade, was indicted for nonsupport of dependents and an arrest warrant was issued in two separate cases (16CR093186 and 16CR093187). Upon his arrest, Mr. Wade's bond was set at $3,000 personal recognizance and $3,000 cash in each case. After his arraignment, Mr. Wade and Sly Bail Bonds signed a recognizance and Sly Bail Bonds posted $3,000 as surety in each case.

**{¶3}** When Mr. Wade failed to appear for a pretrial, the trial court revoked and forfeited the bond in each case and issued a capias for his arrest. The trial court then scheduled a hearing to show cause why the bond should not be forfeited.

**{¶4}** Two days prior to the bond forfeiture hearing, Mr. Wade was arrested and the show cause hearing on the bond forfeiture was vacated. At a pretrial, Mr. Wade pled guilty in both cases. The trial court reinstated the original bond in both cases and Mr. Wade was released pending sentencing.

**{¶5}** Twelve days later, on August 8, 2016, Sly Bail Bonds filed two nearly identical motions to release surety in Case No. 16CR093187. No such motion was filed in Case No. 16CR093186.

**{¶6}** Mr. Wade failed to appear for the sentencing hearing. Again, the trial court revoked and forfeited the bond, issued a capias for Mr. Wade's arrest, and scheduled a show cause hearing on the bond forfeiture in both cases. In response to the notice of the bond forfeiture hearing, Sly Bail Bonds filed motions in both cases to 1) vacate the bond forfeiture arising from Mr. Wade's failure to appear at sentencing, 2) compel the trial court to rule on the August 8, 2016 motion to release surety, and 3) discharge the bond. Appellee, the State, filed a brief in opposition to Sly Bail Bonds' August 8, 2016 motion to release surety.

**{¶7}** The trial court held a hearing on the show cause bond forfeiture and Sly Bail Bonds' August 8, 2016 motion to release surety. Mr. Wade did not appear at the hearing. Both sides made arguments, but no evidence was presented. The trial court entered judgment against Sly Bail Bonds for the $3,000 surety in each case. It is from this judgment that Sly Bail Bonds appeals, raising two assignments of error.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AND ABUSE[D] ITS DISCRETION BY NOT GRANTING [SLY BAIL BONDS'] MOTION TO DISCHARGE THE BOND[.]

{¶8} Sly Bail Bonds contends that by surrendering Mr. Wade, the bond was exonerated and the trial court erred in denying the motion to discharge the bond. This Court disagrees.

{¶9} Generally, a trial court's decision on the forfeiture of a surety bond is reviewed for an abuse of discretion. *State v. Lee*, 9th Dist. Lorain No. 11CA010083, 2012-Ohio-4329, ¶ 9. However, in this case, Sly Bail Bonds' argument focuses on the trial court's application of the statutes as applied to the motion to release surety. This Court reviews "a trial court's interpretation and application of a statute on a de novo basis because it presents [this Court] with a question of law." *State v. Podojil*, 9th Dist. Summit No. 28138, 2017-Ohio-2640, ¶ 5.

{¶10} Sly Bail Bonds' first assignment of error challenges the trial court's denial of its August 8, 2016 "motion to discharge the bond." However, the record reflects that the "motion to discharge bond" was filed on December 2, 2016, whereas the "motion to release surety" was filed on August 8, 2016. (Emphasis deleted.) While the August 8, 2016 motion was erroneously identified in the appellate brief as the motion to discharge the bond, Sly Bail Bonds' argument in the first assignment of error, in fact, addressed the August 8, 2016 motion to release surety. Accordingly, this Court will limit its review of the first assignment of error to the August 8, 2016 motion to release surety and will reference the motion by that title.

{¶11} Sly Bail Bonds asserts that the trial court erred in denying the motion to release surety in both criminal cases. However, the record reflects that on August 8, 2016 Sly Bail Bonds filed the motion to release surety twice in Case No. 16CR093187, but not at all in Case

No. 16CR093186. Thus, there was no motion to release surety filed in Case No. 16CR093186 for the trial court to deny or grant.

{¶12} This Court has previously stated that "App.R. 12(D) provides that a judgment or final order of a trial court may be reversed upon a finding that [a]ppellant suffered prejudice as a result of the assigned error." *State v. Glick*, 9th Dist. Wayne No. 06CA0058, 2007-Ohio-4104, ¶ 7. Sly Bail Bonds has failed to make any assertions as to how it was prejudiced in Case No. 16CR093186 by the trial court's alleged error of denying the motion to release surety filed in Case No. 16CR093187. Accordingly, this Court will not reverse the judgment in Case No. 16CR093186. *See id.*, citing App.R. 12(D). *See also Notch v. Evans*, 9th Dist. Summit No. 22629, 2005-Ohio-5500, ¶ 9.

{¶13} As to Case No. 16CR093187, Sly Bail Bonds argues that R.C. 2713.21 and R.C. 2713.23 are the applicable statutes in deciding the motion to release surety. Chapter 2713 of the Ohio Revised Code contemplates "Arrest and Bail" in the civil context. R.C. 2713.01 provides that "*[i]n a civil action*, a defendant can be arrested before judgment only in the manner prescribed by [R.C.] 2713.01 to [R.C.] 2713.29." (Emphasis added.) R.C. 2713.02 sets forth that "[a]n order of arrest" is to be issued by the clerk of court upon the filing of an affidavit by the plaintiff stating the nature and amount of the plaintiff's claim and facts "establishing one or more of the [listed] particulars." R.C. 2713.03 requires the plaintiff or a surety to execute a bond that plaintiff will pay the defendant's damages up to double the amount in the affidavit in the event the order of arrest was wrongfully obtained. R.C. 2713.21 addresses the discharge of bail when a defendant is surrendered in a civil case, while R.C. 2713.23 sets forth when bail is exonerated in a civil case.

{¶14} Notably, Sly Bail Bonds has failed to provide any case law applying Chapter 2713, and more specifically R.C. 2713.21 and R.C. 2713.23, to criminal cases. Nor has this Court found any such case law. Instead, the sole case cited by Sly Bail Bonds, *State v. Hancock*, 2d Dist. Montgomery No. 21000, 2006-Ohio-1594, is not persuasive, because *Hancock* involved the application of bond pursuant to the criminal statutes, which Sly Bail Bonds did not argue on appeal. *See id*. at ¶ 9-10.

{¶15} Case No. 16CR093187 involved a criminal charge for nonsupport of a dependent in violation of R.C. 2919.21(B). Because this matter involved a criminal case, R.C. 2713.21 and R.C. 2713.23 providing for the discharge and the exoneration of bail in a civil case are not applicable. Accordingly, the trial court did not err in denying Sly Bail Bonds' motion to release surety under R.C. 2713.21 and R.C. 2713.23.

{¶16} Sly Bail Bonds' first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY REINSTATING THE BOND ONCE [SLY BAIL BONDS] HAD RETURNED [MR. WADE] TO JAIL AND THE BOND HAD BEEN EXONERATED.

{¶17} Sly Bail Bonds contends that the trial court erred when "it tried to reinstate a bond that had been exonerated." This Court disagrees.

{¶18} In the second assignment of error, Sly Bail Bonds continues to rely upon R.C. 2713.21 and R.C. 2713.23 to argue that the bond was exonerated and that the trial court "had no ability to reinstate [the] bond" and was required to set a new bond when Mr. Wade was surrendered. As addressed above, the civil statutes relied upon by Sly Bail Bonds are inapplicable to criminal matters. Therefore, the bond in these two criminal cases was neither

discharged under R.C. 2713.21, nor exonerated under R.C. 2713.23 and this assignment of error is unsupported by the record.

{¶19} Sly Bail Bonds' second assignment of error is overruled.

III.

{¶20} Sly Bail Bonds' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

PATRICK L. CUSMA, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MATTHEW A. KERN and RICHARD A. GRONSKY, Assistant Prosecuting Attorneys, for Appellee.